SEAGLER et al. v. ADAMS et al.   (No. 8247.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 9, 1922. Rehearing Denied March 2, 1922.)

Counties ⬤⟳113(5)—Commissioners' court authorized to hire attorneys to assist in collecting funds from officials neglecting or abusing trust.

Rev. St. art. 366, defining the duties of district and county attorneys regarding collection of funds from officials neglecting or abusing the trust, of their offices, does not prohibit the commissioners' court, as executive head of the business affairs of a county, from enlisting the service of attorneys to assist the county or district attorney in prosecuting such suits on behalf of the county, and to pay for such suits out of county funds.

Appeal from District Court, Anderson County; W. R. Bishop, Judge.

Action by Peter G. Adams and others against R. E. Seagler and others. From judgment enjoining defendants from proceeding further with certain contracts and dissolving a temporary injunction as to other contracts, defendants appeal. Affirmed in part. Reversed and rendered in part.

Seagler & Pickett, of Palestine, for appellants.

Campbell, Greenwood & Barton, E. V. Swift, and Campbell & Sewell, all of Palestine, for appellees.

GRAVES, J. The commissioners' court of Anderson county, under six separate written contracts for that purpose, engaged the legal services of the law firm of Seagler & Pickett to file and prosecute, or to assist the county or district attorney in filing and prosecuting, certain suits against various officials and ex-officials of the county, along with a number of other persons, upon debts alleged to be severally due the county from them, the aggregate amount of which slightly exceeded $23,000. In each of the contracts the court agreed to pay the firm of attorneys named $500 for their services therein provided for, and directed the issuance of warrants for such sums payable out of the county's funds.

According to the finding of the court below in this proceeding the subject-matter of four of these contracts represented claims in favor of the county having their basis in the asserted failure of different ones of its officials and ex-officials to account to it for public moneys they were by law "intrusted with the collection or safe-keeping of" while the other two of them had to do either with claims against officials and ex-officials not so arising but growing out of alleged illegal withdrawals of money from the county treasury, or with claims against others than officers or ex-officers.

After performance by the attorneys of a considerable portion of the services thus contracted for in behalf of the county, on hearing the suit of several citizens brought to test the matter, the district court of Anderson county, holding that the commissioners' court had the authority to make contracts of the character of the two last above described, but not of the four first mentioned, enjoined all parties affected, including the commissioners, the attorneys, and the county treasurer, from proceeding further under or treating as valid and binding the four contracts so held to have been made without authority, or from making any others of like kind, but dissolved a temporary injunction theretofore granted against a similar enforcement of the other two contracts (and others of like import) as well.

Both sides complain of this judgment upon

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 19, 1922.

appeal, the attorneys and the members of the commissioners' court, as appellants, at the court's refusal to permit the enforcement of all six of the contracts, the citizens, as appellees, at the nonperpetuation of the temporary writ against all of them, which would have amounted to striking all down as being illegal and void.

We agree with appellants that none of the contracts were shown to be beyond the power of the commissioners' court, and that that body, as the executive head of the business affairs of the county, did not lack the authority to in good faith employ attorneys to assist the county or district attorney in filing and prosecuting suits on behalf of the county and to pay for such services out of county funds, when in the exercise of its discretion the employment was deemed necessary to protect the county's interests. That in substance is the kind of transaction the contracts here involved evidenced, for there is no suggestion of bad faith on either side, the claims on which the suits were directed had been previously audited as debts due the county, the terms of office during which those alleged to be due from officers or ex-officers were incurred had expired, and the sworn pleadings of the appellants' attorneys in answer to this suit to enjoin enforcement of the contracts not only showed that their employment thereunder was to assist the county or district attorney in filing and prosecuting all the suits contemplated, but that a number of such suits had already been filed, and that the county attorney of Anderson county had in fact joined with them in filing the greater portion of these.

We do not think article 366 of our Revised Statutes should be so construed as to prohibit the commissioners' courts from enlisting the services of attorneys, at the expense of their counties, under the circumstances here presented. The terms of that article are:

"When it shall come to the knowledge of any district or county attorney that any officer in his district or county, intrusted with the collection or safe-keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him, or is in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, and to preserve and protect the public interests."

We think the purpose of this statute was to expressly prescribe the duties of the district or county attorney in the circumstances therein recited, and that the Legislature did not intend thereby to limit the commissioners' court, in their general management of the county's business affairs, to the utilization of the services of the one or the other of those officers. The duties of the two sets of officers are in no manner made correlative, and it is difficult to see in what way this positive requirement upon the district or county attorney as to his independent duty could have any reference to members of the commissioners' court. It seems to us that the matter of the duty thus laid upon the attorney and that of the general authority of the commissioners' court are quite apart. Since the quoted statute not only imposed the duty, but also conferred the corresponding privilege upon the officer named of instituting suits of the character specified in behalf of the county, it may well be that the commissioners' court would lack the power to displace him from his rightful authority in that regard, but, as our statement of the facts has shown, nothing of that sort was contemplated or attempted in this case. The pleadings and the affidavits in evidence before the trial court here showed that the purpose of these contracts was merely to have the outside attorneys assist the county attorney in the suits contracted for.

As we understand those opinions, the view here taken is directly that of our Supreme Court in the cases of Terrell v. Greene, 88 Tex. 539, 31 S. W. 631, and Looscan v. Harris County, 58 Tex. 511.

In the first of these the county attorney had been denied the right to participate in a suit brought against the county treasurer by other attorneys under employment by the commissioners' court, and the Supreme Court, in construing the article now under review and upholding his right to participate, said:

"The fact that the suit had been filed by other counsel employed by the county in nowise relieved the county attorney of his duty to prosecute that suit, nor did it deprive him of his privilege to discharge that duty. It being his duty to institute such proceedings, it was no less his duty to prosecute a like proceeding if instituted by another. While the commissioners' court might employ counsel to assist the county attorney in the performance of this duty, it had not the authority under the law to displace him from his position and rightful authority under the law as an officer of that county."

Likewise, in the Looscan Case, where the district attorney, without the consent and against the will of the commissioners' court, had sued in the county's name to restrain that court and certain other officers from paying Looscan the compensation the court had contracted to allow him for representing the interests of the county in all litigation by or against it, the Supreme Court, in dissolving an injunction granted below and dismissing the suit, said:

"The commissioners' court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county, and except where a concurrent right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal or some other officer of the government, the commissioners' court must be deemed to be the quasi executive head of the county, vested

with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county."

In expressly denying the right of the district attorney to so bring the suit by virtue of article 366, which was then numbered 260, the court further held:

"We are clearly of the opinion that the cases contemplated by the article above quoted do not embrace the causes of action against Looscan which are set forth and relied on in the amended petitions before us in this record.

"We are unable to discover any statute conferring upon the district attorney a right to institute this suit in the name of the county of Harris, nor is the right to do so deducible from the general duties required by the Constitution and laws to be performed by that officer, nor from any of the powers conferred upon him as the representative of the state."

These holdings seem to us conclusive of the controlling question presented as to the validity of all six of the contracts involved in this proceeding. The fact that some of them related to funds the officers or ex-officers therein designated had by law been intrusted with the collection or safe-keeping of, and others did not, would make no difference in this instance, since the outside attorneys were not employed to the exclusion of the law officer named in the statute, but only to co-operate with and assist him.

No law denying the power exercised in these contracts to the "quasi executive head" of the county's business affairs has been pointed out, and we are persuaded that none exists.

The case of Bland v. Orr, 90 Tex. 492, 39 S. W. 558, cited and relied upon by the appellees, is thought to be distinguishable from this one upon the facts. The sole question there decided was that the commissioners' court, under article 5, § 18, of the Constitution of 1876, and under the subdivision of article 1537 of the Revised Statutes of 1895, providing that it might "audit and settle all accounts against the county," had no power to compromise the debt of a defaulting county treasurer by accepting a deed of land from a surety on his bond. The cause reached the Supreme Court on certification of that particular question as the sole issue, and the decision is therefore authoritative upon it alone. Surely the denial to the commissioners' court of the right to compound a claim due the county cannot be said to be a determination that it could under no circumstances do that which, in the fair exercise of its official discretion, it deemed necessary to the collection of debts outstanding in the county's favor. Indeed, that no such broad meaning is to be given the holding in the Bland Case is clear from one of the concluding sentences in the opinion as follows:

"There are some broad expressions in the opinions in Colorado Co. v. Beethe, 44 Tex.

447, and in Looscan v. Harris Co., 58 Tex. 511, in reference to the powers of the commissioners' courts over county affairs, which are well enough when applied to the facts of those cases."

We therefore conclude that the law as theretofore declared in the Looscan Case, and which we think involves the same principle as the one now at bar, still stands unimpaired.

The subject is an interesting one, but further pursuance of it is forborne.

The conclusions stated require the affirmance of so much of the judgment as permitted the enforcement of two of the contracts in suit and the reversal and rendition of that portion of it enjoining the performance of the other four. That order has accordingly been entered.

Affirmed in part.
Reversed and rendered in part.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes