PETER G. ADAMS, ET AL. v. R. E. SEAGLER ET AL.

No. 3771.   Decided April 25, 1923.

(250 S. W., 413).

Counties—Commissioners Court—Power to Employ Attorneys.

Though it is the duty of the county or district attorney to represent the county in bringing and prosecuting suits (Rev. Stats., art. 366) the Commissioners' Court, through its authority to manage the business affairs of the county, has power to employ attorneys to assist such officers therein and can render it liable for their fees for such services. Terrell v. Greene, 88 Texas, 539, followed.   (p. 585).

Error to the Court of Civil Appeals for the First District in an Appeal from Anderson County.

Peter G. Adams and others brought suit against R. E. Seagler

and others to prevent payment by the county for legal services rendered in assisting the county attorney in prosecuting suits by the county. Judgment for the plaintiffs was, on appeal by defendants, reversed in part and rendered in their favor (238 S. W., 707) and appellees obtained writ of error thereon.

*Swift & Cotten, Campbell & Sewell,* and *Campbell, Greenwood & Barton,* for plaintiffs in error.

Commissioners' courts have no power to employ attorneys and pay for their services out of county funds to assist county or district attorneys in filing and prosecuting suits on claims embraced in Article 366 of the Revised Statutes. Bland v. Orr, 90 Texas, 492; State v. Bratton, 192 S. W., 814; Stringer v. Franklin Co., 123 S. W., 1168; Looscan v. Harris County, 58 Texas, 511; Terrell v. Green, 88 Texas, 539; Bexar Co. v. Davis, 223 S. W., 558; 11 Cyc., 471, 472; 15 Corpus Juris, 547.

*Seagler & Pickett,* for defendants in error.

The Commissioners' Court, as the executive head of the financial and business affairs of the county, has the power and authority to employ attorneys to prosecute suits in favor of the county or to defend suits against the county, and to pay for such service out of county funds, when, in the discretion of the members of said court, such employment is necessary to protect the interest of the county. Looscan v. Harris County, 58 Texas, 511; Terrell v. Greene, 88 Texas, 539; Bank v. Presidio County, 26 S. W., 775; Grooms v. Atascosa County, 32 S. W., 188; Browning v. Tarrant County, 111 S. W., 748; Lattimore v. Tarrant County, 124 S. W., 205; Jones v. Veltmann, 171 S. W., 287; Galveston County v. Gresham, 220 S. W., 560.

MR. JUSTICE PIERSON delivered the opinion of the court.

The Commissioners' Court of Anderson County, by six written contracts, employed defendants in error Seagler & Pickett, a law firm, to represent the County in certain claims against a number of officials and ex-officials of the County and others, and to bring and prosecute suits thereon. This suit was filed by plaintiffs in error against said firm of Seagler & Pickett, Charles R. Stewart, County Judge of Anderson County, John F. Nash, J. P. Hanks, S. W. Wolf, and W. G. Tippen, constituting the Commissioners' Court of Anderson County, and A. S. Tyler, County Treasurer, to declare said contracts void, and to enjoin the payment of compensation provided therein to said attorneys out of county funds, upon the grounds that the Commissioners' Court was without authority to make the con-

tracts, because under Revised Statutes, Article 366, it was the duty of the County or District Attorney to bring and prosecute such suits for the compensation and fees fixed by law.

It is made to appear in the statement of the case by the Court of Civil Appeals, and otherwise in the record, that the Commissioners' Court employed said attorneys *to assist* the County Attorney in bringing and prosecuting the suits, and that the County Attorney joined in the suits filed.

We think there can be no doubt that the Commissioners' Court, under its authority to control and manage the finances and business affairs of the County, has power and authority to employ attorneys to assist the regularly constituted officers of the County in the prosecution of its claims and suits. Terrell v. Greene, 88 Texas, 539, 31 S. W., 631. It would necessarily follow that it would be authorized to pay for such services out of the County funds.

We quote with approval the following from the opinion of the Court of Civil Appeals:

"We agree with appellants that none of the contracts were shown to be beyond the power of the Commissioners' Court, and that that body, as the executive head of the business affairs of the county, did not lack the authority to in good faith employ attorneys to assist the county or district attorney in filing and prosecuting suits on behalf of the county and to pay for such services out of county funds, when in the exercise of its discretion the employment was deemed necessary to protect the county's interests."

For further discussion, see the opinion of the Court of Civil Appeals, 238 S. W., 707.

It is unnecessary to discuss the other issues raised by plaintiffs in error and defendants in error relating to other and further powers that may be or may not be exercised by the Commissioners' Court, as, under the facts, the issue above decided controls and disposes of this case.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*

Associate Justice Greenwood took no part in the decision of this case.