

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Opinion No. O-1728
Re: Authority of commissioners' court
to employ special counsel in a particular
case and to amend budget to provide com-
pensation for such special counsel.

Dear Sir:

In your letter of November 22, 1939, you request
our opinion as to whether the commissioners' court may legally
employ special counsel to institute and maintain a suit
against the county tax collector for the recovery of taxes
allegedly collected by him and not paid over to the county.
In case our answer to such question is an affirmative one,
you further request our opinion as to whether the situation
is such a one as can be classified as an emergency under the
budget law so as to permit the commissioners' court to amend
the budget to provide the funds for the payment of special
counsel.

While under Article 339, Revised Civil Statutes,
and as held in Lattimore vs. Tarrant County, 124 S.W.205, it
is the duty of the county attorney to represent the county in
suits of this character, it was held by the Supreme Court in
the case of Adams vs. Seagler, 112 Tex. 583, that the commis-
sioners' court may legally employ special counsel to assist
the county attorney in bringing and prosecuting the same. Our
answer to your first question, therefore, is that the commis-
sioners' court may employ special counsel to assist your dis-
trict attorney in the prosecution of the contemplated action.
Since your letter indicates that your district attorney is
willing to participate to the extent that other duties will
permit, we feel that this constitutes a sufficient answer to
your first question.

It is provided in Article 689a-11, Vernon's Civil
Statutes, "that emergency expenditures, in case of grave pub-
lic necessity, to meet unusual and unforeseen conditions which
could not, by reasonably diligent thought and attention, have
been included in the original budget, may from time to time be
authorized by the court as amendments to the original budget."
This statute gives to the commissioners' court, within reason-
able limitations, the power to determine whether a case is one

of grave public necessity and whether the same could have been included in the original budget by reasonably diligent thought and attention. We can answer your second question only by saying that the question is one of fact to be passed upon by the commissioners' court as to whether the case at hand is one of grave public necessity within the meaning of that part of the statute permitting the amendment of the original budget in certain cases.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

APPROVED DEC 7, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

GRL:jm:wb