Ray HOLBROOK, as County Judge for Galveston County; Eddie Barr, as Galveston County Commissioner for Precinct No. 1; Frank Carmona, as Galveston County Commissioner for Precinct No. 2; Billy Jack Pegues, as Galveston County Commissioner for Precinct No. 4; Galveston County; the Galveston County Commissioners Court; Michael J. Guarino, as the Galveston County District Attorney, Appellants,

v.

Ben M. GUYNES, Appellee.

No. 01–91–00113–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1992.

Rehearing Denied April 9, 1992.

Scott Lyford, Houston, for appellants.

Anthony P. Griffin, Houston, for appellee.

Before WILSON, SAM BASS and O'CONNOR, JJ.

OPINION

WILSON, Justice.

In the trial court, appellee challenged the legality of the means taken by the Galveston County Commissioners Court to handle its civil legal affairs. Both sides asserted questions of law were determinative of the issues, and filed cross-motions for summary judgment. This appeal arises from the trial court's order that granted appellee's motion for summary judgment, entered a permanent injunction, and denied appellants' cross-motion. We reverse and render judgment for appellants.

The legal staff of an entity known as the Galveston County Legal Department (Department), headed by Harvey Bazaman (Bazaman), handles Galveston County's (County) civil legal business as some portion of its responsibilities. The Galveston County Criminal District Attorney (District Attorney), Michael Guarino (Guarino), represents the County in criminal matters.

Appellee sued appellants requesting, among other things, appellants be permanently enjoined from funding the Department, the entire Department be declared an illegal entity, and the Department be enjoined from holding itself out as the legal representative of the County.

On September 14, 1990, a hearing on appellee's request for temporary injunction was held.[1] On October 29, 1990, appellants filed a motion for summary judgment seeking dismissal of appellee's entire claim against appellants. On November 12, 1990, appellee answered appellants' summary judgment motion and filed a counter-motion for summary judgment requesting permanent injunctive relief. On January 3, 1991, the judge signed an order granting appellee's summary judgment and denying appellants'.

Appellee did not controvert any of the factual assertions contained in appellants' summary judgment evidence. The only summary judgment evidence before the court from appellants were the affidavits of Bazaman and Guarino. Appellee attached to his motion a Commissioners Court resolution, and a letter signed by Guarino written to Commissioners Court. We find no objections in the record where either side attacked the admissibility of the other's evidence. In fact, appellee supported his position by relying on a portion of one of the summary judgment affidavits filed by appellants.

*The Standard of Review*

■ In his brief, appellee refers this Court to oral testimony and exhibits that were admitted into evidence at the temporary injunction hearing. We find no reference in appellee's motion for summary judgment to the hearing on application for temporary injunction. This Court may only consider the record as it appeared when the trial court ruled on the summary judgment motions. *City v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675–77 (Tex.1979); *Velde v. Swanson*, 679 S.W.2d 627, 630 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 166a(c). The record in a summary judgment proceeding consists of the written motion, answer, or other response on file at the time of the summary judgment hearing, and issues not expressly presented to the trial court by written motion, answer or other response cannot be considered on appeal as grounds for reversal. *Clear Creek Basin Auth.*, 589 S.W.2d at 675–77; *Velde*, 679 S.W.2d at 630; TEX.R.CIV.P. 166a(c). A trial court may not consider evidence, or other matters, in connection with a summary judgment motion not referenced or incorporated into the motion. *Gensheimer v. Kneisley*, 778 S.W.2d 138, 140 (Tex.App.—Texarkana 1989, no writ); *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, no writ); TEX.R.CIV.P. 166a(c).

The statement of facts and exhibits from the temporary injunction hearing are before this Court, but could not be, and apparently were not considered by the judge in ruling on appellee's motion for summary judgment. Only those papers on file at the time of the summary judgment hearing, and only those issues and/or evidence expressly presented to the trial court in writing are properly before this Court. TEX.R.CIV.P. 166a(c). We do not find the trial judge considered any evidence from the temporary injunction hearing and decline to consider any matters from the hearing on application for temporary injunction as within the summary judgment record.

---

**1.** The transcript does not contain a written order granting or denying a temporary injunction. *See* TEX.R.CIV.P. 683. In his brief, appellee, relying on a notation on the docket sheet, asserts that the trial court denied a temporary injunc- tion. The notation on the docket sheet indicates that on October 9, 1990, the trial court denied a temporary injunction and set a trial on the merits for November 26, 1990.

This case involves an appeal from an order granting appellee's motion for summary judgment, and denying appellants' motion for summary judgment. When both parties move for summary judgment, each party must carry their own burden of proof as movant. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). The trial court may consider all the summary judgment evidence in deciding whether to grant either motion. *Dallas Co. Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied). The trial court can also rely on one party's evidence to supply missing proof in the other party's motion. *Seaman v. Seaman*, 686 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

When both parties move for summary judgment and one motion is granted, but the other motion is denied, this Court should determine all questions presented, and may reverse the trial court's judgment and render such judgment the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988, orig. proceeding).

This Court reviews the record of a summary judgment in accordance with the following standards: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

*Powers of the District Attorney and the Commissioner's Court*

(a) The criminal district attorney of Galveston County.... *shall exclusively represent* the state in all criminal matters before those courts. He *shall represent* Galveston County in any court in which the county has pending business.

(b) The criminal district attorney has all the power, duties and privileges in Galveston County that are conferred by law on county and district attorneys in various counties and districts.

TEX. GOV'T CODE ANN. § 44.184(a) & (b) (Vernon 1988) (emphasis added).

(b) The County Commissioners so chosen ... shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

TEX.CONST. art. V, § 18(b).

*Claims by the Parties in the Trial Court*

Appellee, a taxpayer and resident of Galveston County, claimed the District Attorney has a statutory duty under article 44.-184(a) to represent the County in all of its civil matters. Appellee claimed that the Department is an illegal entity, because it performs nondelegable functions exclusively imposed by law on the District Attorney. For these reasons, appellee claimed any attempts by appellants to fund the Department should be prohibited, and the Department should be enjoined from handling the County's civil matters, or holding itself out as the legal representative of Galveston County.

Nowhere does appellee argue that the actions of the Commissioners Court and the District Attorney were not taken in good faith. Appellee's legal position precludes good faith as an issue, simply stating the County can not do by statute what it is in fact doing.

Appellants claimed it is permissible for the Department to assist the District Attorney in the discharge of his statutory duties as long as the Department does not usurp the District Attorney's power to perform those duties, and the District Attorney does not delegate his statutory duties to the Department.

*The Summary Judgment Proof*

Appellants filed two affidavits in support of their summary judgment motion. Harvey Bazaman's affidavit stated:

1) He (Bazaman) had been head of the Department since 1985;

2) He was an original member of the Department when it was established in 1978;

3) Department has four attorneys and two secretaries as of October 29, 1990;

4) Department conducts litigation, both defense and prosecution, for the County (Galveston), and other governmental entities related to the County, such as the Beach Parks Board, Mainland Center Hospital, (debt collection, e.g.), and the Galveston County Health District (enforcement of rules and regulations, e.g.);

5) Department represents officers and employees sued in course and scope of their official duties;

6) Department represents County in negotiations, often prior to any legal action being filed, with people who file claims against the County for alleged wrongdoing;

7) Department administers the County's workers compensation program, and represents County before Industrial Accident Board;

8) Department provides legal advice and other noncourt related legal services to the County, its officials, and its employees virtually on a daily basis;

9) Representing the County in court is probably less than 10% of what the Department does;

10) Department has done nothing to deprive District Attorney of his statutory powers and duties;

11) Department has represented the District Attorney in several suits; and

12) The relationship between the Department and the District Attorney is cooperative.

Appellant also relied on the affidavit of Michael Guarino, Galveston County District Attorney, which stated: [2]

1) District Attorney's office was not adequately staffed to handle the County's civil work;

2) During his seven and one-half years in office, Department has handled County's civil legal business with his knowledge and consent;

3) Guarino's legal opinion was that the Department was legally constituted;

4) He formally requested the Commissioners Court "to employ attorneys to assist me in handling county civil matters in the future wherein I may have statutory duties to represent the county or county officials. If any civil case arises in which I feel my personal or existing staff participation is necessary, I will advise you or the attorneys in the Department."

5) Guarino stated the present structure is acceptable, and that the Department should be maintained.

6) If County desires to hire additional attorneys, he requests that he be consulted; and

7) He reserves the right to withdraw request for assistance at any time.

In his affidavit, Guarino, adding to the assertions of the letter, stated the Department had never deprived him of the right to discharge his duties.

In his reply to appellants' summary judgment motion and counter-motion for summary judgment, appellee relied upon the statement in appellants' summary judgment proof that the Department is, among other things, assisting the District Attorney in performing his statutory duties. Appellee claimed that such an admission by appellants constituted summary judgment proof on behalf of appellee entitling him to judgment as a matter of law.

Appellee also relied on a formal Commissioners Court resolution made in response to Guarino's letter mentioned above. This resolution stated that the Department represents the County in civil matters generally as well as ongoing lawsuits filed in state and federal court. The resolution authorized the Department to continue to assist Guarino in handling any civil matters for which Guarino has a statutory duty, and to

---

**2.** The affidavit identified a letter written to the Commissioners Court. The letter primarily contained the assertions made. The letter was also attached to appellee's motion for summary judgment.

handle the County's other general civil matters. The resolution further states that it should not be construed to limit any right that Guarino may have to represent the County in civil matters.

*The Trial Court's Ruling*

In its order granting appellee's summary judgment motion, the trial court ruled that the Galveston County District Attorney has the statutory duty to represent the County in any court in which the County has pending business including all the associated duties and responsibilities that arise from being the County's lawyer. The trial court further ruled that no independent authority gave the Commissioners Court the power to create the Department and to staff it with lawyers to fulfill the statutory duties of the District Attorney's office. The trial court also ruled that Guarino's consent is ineffective because he cannot give the Commissioners Court the authority to fulfill Guarino's statutory duties. The court also ruled that the allocation of funds by the Commissioners Court to fund the Department is not authorized by law.

The trial court enjoined appellants from: (1) directly or indirectly doing any acts designed to fund the Department; (2) holding the Department out as the legal representative of the County or the Commissioners Court; and (3) seeking to represent the County, the Commissioners Court, "or any county agency, political subdivision, employee, or official in any pending or future disputes, consultation, civil matter, administrative proceeding, or any other matter or function that is part and parcel of the process of lawyering."

*Analysis*

Appellants raise two points of error. Their first point of error asserts the trial court erred in granting appellee's summary judgment motion. Their second point of error asserts the trial court erred in denying their summary judgment motion.

Appellee argues that the Department is the same entity previously known as the office of the County Attorney of Galveston County that was abolished by the legislature in 1955 when the legislature created the office of Galveston County Criminal District Attorney. *See* TEX.REV.CIV.STAT. ANN. art. 326k–28 (Vernon 1973) (repealed) [3] (statute creating the office of Galveston County Criminal District Attorney and abolishing the office of County Attorney of Galveston County). The only summary judgment evidence on this point is contained in Bazaman's uncontroverted affidavit in which he stated that he was an original member of the Department when it was established in 1978. The summary judgment record is devoid of evidence proving the Department is the same entity that was abolished by the legislature in 1955.

■ Appellee also argues that in 1955 when the legislature abolished the office of County Attorney of Galveston County and created the office of Galveston County Criminal District Attorney in article 326k–28, and later enacted section 44.184, the legislature intended for the District Attorney to *exclusively* handle all of the County's civil matters. *See* TEX. GOV'T CODE ANN. § 44.184(a) (Vernon 1988). Appellee further claims that the Department cannot usurp the duties and powers granted by section 44.184(a) to the District Attorney, and that the District Attorney cannot delegate these duties and powers to the Department. We do not agree with appellee's interpretation of the statute.

Although section 44.184(a) imposes a duty on the District Attorney to "exclusively represent the state in all criminal proceedings," it imposes no such duty upon the District Attorney to exclusively represent the County in its civil matters. *Id.* (the District Attorney "shall *exclusively* represent the state" in all criminal matters; the District Attorney "shall represent" the County "in any court in which the county has pending business") (emphasis added).

The word "exclusively" does not appear in the statute relative to the District Attorney's duty to represent the County in court

---

**3.** *Repealed by* Act of June 12, 1985, 69th Leg., R.S., ch. 480, § 26, 1985 Tex.Gen.Laws 1720, 2048.

where it has pending business, whereas it does appear in that part of the statute regarding criminal representation. We hold that the difference in the legislature's language between "exclusively represent," and "shall represent" is meaningful and determinative given the *Seagler* holdings hereinafter discussed.

Appellants claim this case is controlled by *Seagler v. Adams*, 238 S.W. 707 (Tex. Civ.App.—Galveston 1922), *aff'd*, 112 Tex. 583, 250 S.W. 413 (1923).[4] In his brief, appellee does not discuss the applicability of the *Seagler* holdings except to point out, without any discussion or argument, that the cases relied upon by appellants were decided before the enactment of section 44.184.

In *Seagler I*, the Anderson County Commissioners Court entered into six contracts with a private law firm to assist the county or district attorney in prosecuting various law suits against officials and former officials of the county, as well as other persons, for debts due the county from them. *Seagler I*, 238 S.W. at 707. A statute imposed a duty on the district or county attorney to prosecute some, but not all of the suits. *Id.* at 708–709. A suit was filed to enjoin enforcement of all the contracts on the basis that they exceeded the authority of the commissioners court. *Id.* at 707. The trial court enjoined enforcement of the contracts on claims for which the county or district attorney had a statutory duty to prosecute. *Id.*

In reversing the trial court, the court of civil appeals held that the commissioners court, as the executive head of the county's business affairs, did not lack the authority to *in good faith* employ attorneys to assist the county or district attorney in the discharge of their statutory duties so long as their employment was not to the exclusion of the county or district attorney. *Id.* at 709. The fact that some of the suits involved claims for which the county or district attorney had a statutory duty to prosecute, and the others did not, made no difference because the outside attorneys were not employed to the exclusion of the county or district attorney, but only to cooperate with and assist them. In reaching its decision, the court relied on earlier supreme court cases saying that a commissioners court does not have the authority to displace a county attorney from performing his statutory duties, and that a commissioners court must be deemed to be the quasi executive head of the county except where an exclusive right is conferred upon some other tribunal. *Id.* at 708.

In affirming the decision of the court of civil appeals, the supreme court stated that the commissioners court, under its authority to control and manage the business affairs of the county, had the power and authority *in good faith* to employ the outside attorneys to assist the county attorney in the performance of his statutory duties, and to pay the attorneys out of county funds. *Seagler II*, 250 S.W. at 413.

We agree with appellants that this case is controlled by the *Seagler* holdings. Appellants' uncontroverted summary judgment evidence establishes that the Department assists the District Attorney in performing whatever duties he may have under section 44.184(a), and that the services the Department performs are necessary for the administration of the County's business. The uncontroverted summary judgment evidence also shows that the Commissioners Court and the Department have not displaced the District Attorney from performing his statutory duties, and that the District Attorney agrees to the arrangement. "It may well be that the commissioner's court would lack the power to displace him from his rightful authority ... but nothing of that sort was contemplated or attempted in this case." *Seagler I* at 708.

The fact that *Seagler* was decided prior to the enactment of section 44.184 does not require a contrary result. The principle in *Seagler* is, under its power to manage and control the business affairs of the county, a

---

**4.** References to the court of civil appeals opinion will be to *Seagler I,* and references to the supreme court's opinion will be to *Seagler II.*

commissioners court may hire outside counsel to assist a county officer in the performance of his statutory duties so long as the commissioners court does not usurp the county officer's duties, and the statutory duties do not belong exclusively to the county officer. Given the absence of an "exclusive" mandate in the part of the statute relevant to civil legal affairs, the principle is as applicable to the facts of this case as it was to the facts in *Seagler.*

On the summary judgment record before this court, appellants are entitled to judgment as a matter of law under *Seagler I* and *II.* Therefore, the trial court erred in granting the appellee's summary judgment motion, and in denying appellants' summary judgment motion.

The primary cases relied upon by appellee for affirmance are distinguishable. *See Holmes v. Eckels,* 731 S.W.2d 101 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (op. on reh'g); *Driscoll v. Harris County Comm'rs Court,* 688 S.W.2d 569 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (op. on reh'g). Both of these cases involved situations where one government official attempted to usurp the powers and duties of another government official. *See Holmes,* 731 S.W.2d at 102–103 (Harris County District Attorney could not prosecute a civil suit on behalf of the State without the joinder of the County Attorney of Harris County because the legislature assigned that duty to the County Attorney); *Driscoll,* 688 S.W.2d at 582 (employment by commissioners court of outside legal counsel to perform legal services for operating board of county toll road authority was a usurpation of the powers of the office of county attorney). In this case, the summary judgment evidence establishes that there is no usurpation by the Department of the District Attorney's statutory duties.

Appellants' first and second points of error are sustained.

The trial court's judgment is reversed, and we render judgment for appellants that appellee take nothing. The cause is remanded to the trial court to dissolve the permanent injunction.