Ben M. GUYNES, Petitioner,

v.

GALVESTON COUNTY
et al., Respondents.

No. D–2501.

Supreme Court of Texas.

June 23, 1993.

Rehearing Overruled Oct. 27, 1993.

Dissenting Opinion of Justice Gammage
on Denial of Rehearing Oct. 27, 1993.

Anthony P. Griffin, Galveston, for petitioner.

·Scott Lyford, Donald S. Glywasky, Darlene Kolaga, Michael J. Guarino, B. Warren Goodson, Galveston, David B. Brooks, Aaron L. Jackson, Austin, Mike Driscoll, Houston, Patrick Reilly, Galveston, for respondents.

## OPINION

CORNYN, Justice.

Galveston County resident and taxpayer Ben M. Guynes challenges the Galveston County Commissioners Court's use of staff attorneys to conduct its civil legal affairs. On cross-motions for summary judgment, the trial court granted Guynes' motion, enjoining the Commissioners Court from funding the Galveston County Legal Department and enjoining the Department from holding itself out as the County's legal representative. The court of appeals reversed and rendered judgment for the Commissioners Court.  827

S.W.2d 487. Because we conclude that the Commissioners Court may under the unique facts presented in this case legally employ staff attorneys to advise and represent it concerning civil matters, we affirm the judgment of the court of appeals.

In 1978 the Commissioners Court of Galveston County established the Galveston County Legal Department, consisting of four salaried attorneys, to provide civil legal services to the Commissioners Court, Galveston County, and other related entities, such as the Galveston County Health District, the Galveston County Beach Park Board, and Mainland Center Hospital. Guynes filed this declaratory judgment action against the county, the Commissioners Court, the individual commissioners, the Department and its members, and Galveston County Criminal District Attorney Michael J. Guarino and his assistants, claiming that establishing the Department was an unauthorized and illegal expenditure of county funds, an attempt to revive the statutorily-abolished County Attorney's Office, a usurpation by the Commissioners Court of the duties of the Criminal District Attorney, and a corresponding abdication of those duties by Criminal District Attorney Guarino. The Commissioners Court asserted that in the exercise of its implied powers it could retain counsel and choose the method of compensation, and that the Department was merely assisting Guarino in carrying out his civil duties with his consent.

Both parties presented motions for summary judgment on undisputed facts. In granting Guynes' motion, the trial court specifically concluded that the creation and funding of the Department was not authorized by law, that the Criminal District Attorney was statutorily charged with representing the county in court and "all the associated duties and responsibilities that necessarily arise from being the lawyer for the county," and that the Criminal District Attorney could not consent to the delegation of his official duties. The court of appeals reversed, holding that the Criminal District Attorney was not charged with exclusive responsibility for representing the county in civil matters, and that under the case of *Seagler v. Adams*, 238

S.W. 707 (Tex.Civ.App.—Galveston 1922), *aff'd*, 112 Tex. 583, 250 S.W. 413 (Tex.1923), the county could in good faith retain attorneys to assist the Criminal District Attorney, as long as he was not prevented from performing his statutory duties. 827 S.W.2d at 492–93.

As the parties dispute not the facts but the legality of the Commissioners Court's action, we review the cross-motions for summary judgment by determining all legal questions presented. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988) (orig. proceeding). Each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985).

Guynes' twofold challenge to the Department is grounded in the constitutional and statutory provisions setting out the duties of county and district attorneys. Article 5, section 21 of the Texas Constitution provides that:

A County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county.... The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

In 1955 the legislature abolished the office of County Attorney of Galveston County, and established the constitutional office of Criminal District Attorney for Galveston County. Act of April 29, 1955, 54th Leg., R.S., ch. 124, 1955 Tex.Gen.Laws 454, *repealed by* Act of June 12, 1985, 69th Leg., R.S., ch. 480, § 26, 1985 Tex.Gen.Laws 1720, 2048. The voters of Galveston County currently elect a criminal district attorney with duties that include the following:

(a) The criminal district attorney of Galveston County shall attend each term and session of the district courts of Galveston County ... and shall exclusively represent the state in all criminal matters before those courts. He shall represent Galves-

ton County in any court in which the county has pending business.

(b) The criminal district attorney has all the powers, duties, and privileges in Galveston County that are conferred by law on county and district attorneys in the various counties and districts.

Tex.Gov't Code § 44.184.

Guynes charges that by using the Department to provide legal services on a continuing basis, the Commissioners Court has usurped the Criminal District Attorney's duty to represent the county "in any court," and to exercise "all the powers, duties, and privileges" with which he is charged as a constitutional officer.[1] He seeks to define not the duties of the Criminal District Attorney, but the source of the Commissioners Court's authority for the creation of the Department, arguing that the Commissioners Court cannot exercise its implied authority to perform functions statutorily-imposed on another county official. Guynes further argues that Criminal District Attorney Guarino's consent to the arrangement, as evidenced by the Commissioners' summary judgment proof, is of no consequence because the Commissioners Court cannot deprive Guarino of his duties or displace him by authorizing others to carry out those duties. *See Aldrich v. Dallas County,* 167 S.W.2d 560, 565 (Tex. Civ.App.—Dallas 1942, writ dism'd). By resurrecting the office of the Galveston County Attorney in the form of the Department, he charges, the Commissioners Court has impermissibly deprived the voters of their constitutional right to elect and replace an official. *See Tarrant County v. Ashmore,* 635 S.W.2d 417, 421 (Tex.1982).

■ We disagree. Article 5, section 18 of the Texas Constitution provides that a commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State...." This provision has been interpreted to mean that although a commissioners court may exercise broad discretion in conducting county business, the legal basis for any action taken must be grounded ultimately in the constitution or statutes. *Canales v. Laughlin,* 214 S.W.2d 451, 453 (Tex.1948); *Renfro v. Shropshire,* 566 S.W.2d 688, 690 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). As the administrative head of county government, a commissioners court also possesses broad implied powers to accomplish its legitimate directives. *Pritchard & Abbott v. McKenna,* 162 Tex. 617, 350 S.W.2d 333, 334 (1961); *Anderson v. Wood,* 137 Tex. 201, 152 S.W.2d 1084, 1085 (1941); *Galveston County v. Gresham,* 220 S.W. 560, 562 (Tex.Civ.App.—Galveston 1920, writ ref'd). These powers include the authority to contract with experts when necessary, including attorneys. *See Pritchard & Abbott,* 350 S.W.2d at 334; *McClintock & Robertson v. Cottle County,* 127 S.W.2d 319, 321 (Tex.Civ. App.—Amarillo 1939, writ dism'd judgm't cor.).

■ Although this court has not specifically addressed the question whether a commissioners court may employ a permanent legal staff to advise it in its various civil affairs, the courts of this state have for the last century upheld the power of a commissioners court to hire counsel to assist it or other officials in carrying out their responsibilities so long as the statutory duties of other county officials are not thereby usurped. *E.g., Terrell v. Greene,* 88 Tex. 539, 31 S.W. 631, 633 (1895); *Maud v. Terrell,* 109 Tex. 97, 200 S.W. 375, 376 (1918); *Seagler,* 238 S.W. at 708. As long as the commissioners court does not impinge on the statutory duties of other officials, it retains

---

1. Guynes relies primarily on two cases for the proposition that a commissioners court cannot hire outside counsel to perform the statutory duties of a county attorney: *Holmes v. Eckels,* 731 S.W.2d 101 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), and *Driscoll v. Harris County Comm'rs Court,* 688 S.W.2d 569 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). As the courts of appeals in those cases and in this case noted, the legislature has specifically imposed on the Harris County Attorney the duty to represent that county in "all civil matters pending before the courts of Harris County...." Tex.Gov't Code § 45.201. No corresponding statute imposes exclusive civil authority on any prosecuting official of Galveston County. *See also,* Op.Tex. Att'y Gen. No. JM–1281 (1990) (Harris County Attorney vested with exclusive statutory authority to represent county in civil matters or approve counsel for specific matters; therefore, commissioners court could not employ its own staff counsel).

the implied power to control litigation and choose its legal remedies. *See Looscan v. The County of Harris,* 58 Tex. 511, 514 (1883); *Terrell v. Greene,* 31 S.W. at 633; *Travis County v. Matthews,* 235 S.W.2d 691, 697 (Tex.Civ.App.—Austin 1950, writ ref'd n.r.e.). Moreover, county and district attorneys are charged primarily with enforcement of the criminal statutes, *Brady v. Brooks,* 99 Tex. 366, 89 S.W. 1052, 1056 (1905), and "it is not one of their prescribed legal duties to represent the county in its general legal business or the conduct of ordinary civil actions." *Hill Farm, Inc. v. Hill County,* 425 S.W.2d 414, 419 (Tex.Civ.App.—Waco 1968), *aff'd,* 436 S.W.2d 320 (Tex.1969).[2]

■ Although the Galveston County Criminal District Attorney has the exclusive duty to represent the state in criminal matters, section 44.184 does not impose a corresponding *exclusive* duty to represent the county in civil matters. The Department assists the Commissioners Court in carrying out a wide-range of duties related to the county's civil business—personnel matters, bond issues, right-of-way acquisitions, workers' compensation claims, tort claims—none of which fall within the exclusive ambit of the Criminal District Attorney's statutory duties. When read in conjunction with the long-standing authority of the Commissioners Court to seek legal assistance, we understand section 44.184 to impose a duty on the Criminal District Attorney to represent the county if requested, but not to deprive the Commissioners Court of the option of availing itself of the advice of other counsel when the legal matter to be addressed in not one within the Criminal District Attorney's exclusive domain. *See Gibson v. Davis,* 236 S.W. 202, 212 (Tex.Civ.App.—Galveston 1921, no writ). And in the exercise of its implied powers, just as it could set the terms of a contract with outside counsel, we conclude that the Commissioners Court may set the terms and conditions of employment. So long as the Commissioners Court has not delegated the Criminal District Attorney's duties, and the

summary judgment record presents no evidence that it has, that court may in the exercise of its discretion choose the method of hiring attorneys it deems most beneficial to the residents and taxpayers of Galveston County.

We note also that in this case Criminal District Attorney Guarino has clearly and unequivocally consented to the present arrangement for handling the county's civil legal affairs. We are not called on to resolve any actual conflict between the Commissioners Court and the Criminal District Attorney, and do not address what limitations might be imposed on the present arrangement should the Criminal District Attorney withdraw his consent or otherwise object to the business or conduct of the Department.

Although we agree with Guynes that the Commissioners Court could not rinse the stain of illegality in a wash of acquiescence, because the Commissioners Court has not usurped or interfered with the duties of the Criminal District Attorney, because it may employ counsel to advise it concerning the affairs of the county, and because the Criminal District Attorney has consented to the arrangement, we hold that the Commissioners Court may fund and make use of the Galveston County Legal Department in the conduct of its civil legal affairs.

The judgment of the court of appeals is affirmed.

Dissenting opinion by HIGHTOWER, J., joined by GONZALEZ, DOGGETT and GAMMAGE, JJ.

HIGHTOWER, Justice, dissenting.

In 1978, the Commissioners Court of Galveston County established the Galveston County Legal Department. As of October 1990, the Legal Department consisted of four attorneys and two secretaries. The Legal Department performs many services including (1) litigation on behalf of the County, the Beach Parks Board, the Mainland Center

---

**2.** The statutory duties imposed on all prosecuting attorneys are set out in Chapter 41 of the Government Code, and include the duty to turn over certain funds to the state, § 41.005, provide requested reports to the attorney general, § 41.006, provide written advice to county officials on request, § 41.007, keep a register of official acts and reports, § 41.008, and institute proceedings against officials charged with safekeeping of public funds, § 41.009.

Hospital, the Galveston County Health District and other county or precinct entities, (2) defending officers and employees who are sued for acts committed in the course and scope of their official duties, (3) debt collection for the Mainland Center Hospital and enforcement of rules and regulations for the Galveston County Health District, (4) administrating the Galveston County workers' compensation program, and (5) providing advice to elected officials, appointed department heads and regular employees of the County. The 1990 budget for the Legal Department was approximately $300,000. Because I believe that the creation and funding of the Legal Department was not authorized by law, I dissent.

## I.

The Court bases its decision upon the implied powers of the commissioners court. However, the Court stretches the implied powers of the commissioners court beyond their limit. The commissioners court has implied power to hire outside counsel to assist it or other officials in carrying out their responsibilities as long as it does not infringe on the statutory duties of other officials. *See Burleson County v. Giesenschlag,* 354 S.W.2d 418, 420 (Tex.Civ.App.—Houston 1962, no writ) ("We do not agree ... that the Commissioners Court may not employ an attorney for the purpose of instituting and prosecuting a condemnation suit. There is no statute requiring that the county attorney represent the county in such matter."). However, there is a world of difference between hiring outside counsel to assist the commissioners court or other officials in a particular matter and creating a separate and independent legal department with the attorneys being employees of the county.

It is undisputed that in 1955, the Legislature created the office of Criminal District Attorney in Galveston County and abolished the office of County Attorney in Galveston County. Act of April 29, 1955, 54th Leg., R.S., ch. 124, 1955 Tex.Gen.Laws 454 (Tex. Rev.Civ.Stat. art. 326k–28 (repealed)). Article 326k–28 was later codified at section 44.-184 of the Texas Government Code. Section 44.184 provides:

(a) The criminal district attorney of Galveston County shall attend each term and session of the district courts of Galveston County and each term and session of the inferior courts of the county held for the transaction of criminal business and shall exclusively represent the state in all criminal matters before those courts. He shall represent Galveston County in any court in which the county has pending business.

(b) The criminal district attorney has all the powers, duties, and privileges in Galveston County that are conferred by law on county and district attorneys in the various counties and districts.

(c) The criminal district attorney shall collect the fees, commissions, and perquisites that are provided by law for similar services rendered by a district or county attorney.

(d) The criminal district attorney may represent any county official or employee of Galveston County other than a member of the commissioners court in any civil matter in a court in the county if the matter arises out of the performance of official duties by the officer or employee.

Tex.Gov't Code § 44.184. Section 44.184(b) provides that the Criminal District Attorney has the same duties, powers and privileges "conferred by law on county and district attorneys in the various counties and districts." In other words, the Criminal District Attorney has the same powers and duties as the county and district attorneys in other counties.

At least two other counties—Harris County and Fort Bend County—have county attorneys with statutory authority to handle civil matters. In 1953, the Legislature created the office of County Attorney in Harris County. Act of June 5, 1953, 53rd Leg., R.S., ch. 316, 1953 Tex.Gen.Laws 786 (Tex. Rev.Civ.Stat. art. 331h (repealed)). Article 331h was later codified at section 45.201 of the Texas Government Code. Section 45.201 provides:

It is the primary duty of the county attorney in Harris County or his assistants to represent the state, Harris County, and the officials of Harris County in all civil matters pending before the courts of Har-

ris County and any other courts in which the state, the county, or the officials of the county have matters pending. The county attorney shall represent the Harris County Flood Control District and perform the other duties imposed by this section without any additional fee, compensation, or perquisite other than that paid by Harris County out of its officers' salary fund. Tex.Gov't Code § 45.201.

In 1989, the Legislature created the office of County Attorney in Fort Bend County. Tex.Gov't Code § 45.179. Section 45.179 provides in pertinent part:

(a) It is the primary duty of the county attorney in Fort Bend County to represent the state, Fort Bend County, and the officials of the county in all civil matters pending before the courts of Fort Bend County and any other courts in which the state, Fort Bend County, or the county officials have matters pending.

(b) The county attorney shall represent the Fort Bend County Drainage District and any other county entity created by law.

Tex.Gov't Code § 45.179.

Section 44.184(b) provides that the Criminal District Attorney of Galveston County has the same duties, powers and privileges "conferred by law on county and district attorneys in the various counties and districts." Although this subsection cannot be applied literally because the duties, powers and privileges of county and district attorneys in different counties and districts are frequently inconsistent, it is indicative of legislative intent that the duties, powers and privileges of Criminal District Attorney of Galveston County are not limited to criminal matters and would include representation in civil matters which are performed by county attorneys in several other counties such as Harris County and Fort Bend County. These duties, powers and privileges would include representation in civil matters which is performed by the Legal Department. In addition, section 44.184(d) authorizes the Criminal District Attorney of Galveston County to "represent any county official or employee of Galveston County other than a member of the commissioners court in any

civil matter in a court in the county if the matter arises out of the performance of official duties by the officer or employee." Consequently, the activities of the Legal Department infringe on the statutory duties of the Criminal District Attorney of Galveston County.

## II.

The Court has not cited any authorities which justify this drastic result. Several authorities cited by the Court involve the authority of the commissioners court to contract with attorneys and appraisers for certain services. In *Pritchard & Abbott v. McKenna*, 162 Tex. 617, 350 S.W.2d 333 (1961), taxpayers challenged "a certain contract entered into by and between Galveston County acting through its Commissioners Court and the partnership of Pritchard & Abbott, an appraisal firm...." *Id.* 350 S.W.2d at 334. This court held that the contract was within the Commissioners Court's authority. *Id.* at 340. In *McClintock & Robertson v. Cottle County,* 127 S.W.2d 319, 320 (Tex.Civ.App.—Amarillo 1939, writ dism'd judgm't cor.), a firm of attorneys sued Cottle County concerning a written contract in which the firm agreed to perform certain services for the county. The commissioners court asserted that it did not have authority to bind the county in the contract and the trial court dismissed the claim. The court of civil appeals reversed and remanded. In *Maud v. Terrell,* 109 Tex. 97, 200 S.W. 375, 375–76 (1918), the case turned upon the validity of a contract between the State Comptroller and an individual to collect inheritance taxes. This court held that the statute authorizing the State Comptroller to contract with persons to collect inheritance taxes did not "unequivocally supplant the county attorneys and the Attorney–General in their authority to prosecute the suits of the State for the recovery of the taxes." *Id.* 200 S.W. at 377. In *Seagler v. Adams,* 238 S.W. 707 (Tex.Civ.App.—Galveston 1922), *aff'd,* 112 Tex. 583, 250 S.W. 413 (1923), several citizens challenged the authority of the commissioners court to execute six written contracts engaging "the legal services of the law firm of Seagler & Pickett to file

and prosecute, or to assist the county or district attorney in filing and prosecuting, certain suits against various officials and ex-officials of the county, along with a number of other persons...." *Id.* at 707. The court of civil appeals upheld the validity of the six contracts.

Several other authorities cited by the Court involve the general authority of the commissioners court to cause suits to be instituted in the name of and on the benefit of the county. *Looscan v. County of Harris,* 58 Tex. 511 (1883), involved whether the district attorney could institute the action in the name of "the county of Harris" without the consent and against the will of the commissioners court. The court recognized that the "commissioners' court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county...." *Id.* at 514. In *Terrell v. Greene,* 88 Tex. 539, 31 S.W. 631 (1895), Tarrant County instituted suit on the bond of the Tarrant County Treasurer. Tarrant County employed a private attorney to represent it in the suit. The County Attorney asserted that he was the proper person to prosecute and control the suit and challenged the authority of the County to hire private attorneys in this case. This court held that the County Attorney was required by statute to prosecute this suit when he discovers that "any officer intrusted with the safe-keeping of any public funds is in any manner neglecting or abusing his trust...." *Id.* 31 S.W. at 633. This court further stated: "While the commissioners' court might employ counsel to assist the county attorney in the performance of this duty, it had not the authority under the law to displace him from his position and rightful authority under the law as an officer of that county." *Id.* *Travis County v. Matthews,* 235 S.W.2d 691 (Tex.Civ.App.—Austin 1950, writ ref'd n.r.e.), involved Travis County's failure to appeal from an adverse judgment. Travis County sued the former county judge, two former county commissioners and the sureties on their official bonds arising out of the payment of money to the former county judge in satisfaction of a judgment in a previous suit. The County was seeking the recovery of the money paid to the former county judge. The court of civil

appeals held that the County's pleadings did not state a cause of action. The court further stated: "A county may sue and be sued. If a county may be sued it certainly has the right to defend itself, and this right of defense is held by the Commissioners' Court...." *Id.* at 697 (citation omitted).

Because I believe that the creation and funding of the Legal Department was not authorized by law, I dissent.

GONZALEZ, DOGGETT and GAMMAGE, JJ., join in this dissent.

## ON MOTION FOR REHEARING
Rehearing Overruled.

## DISSENTING OPINION ON MOTION FOR REHEARING

GAMMAGE, Justice, dissenting.

I write on rehearing to object again to the majority's break with precedent on the powers of the commissioners courts. The briefs of amici demonstrate that when the legislature wants to grant commissioners courts of certain counties express authority over legal representation in specific matters, it does so. The legislature's failure to grant such express authority to Galveston County leaves no doubt that it did not intend to authorize the creation of this so-called Legal Department.

For civil legal matters, Galveston County has not just "assisted" its duly elected criminal district attorney. Rather, it has entirely supplanted the district attorney by the in-house "Legal Department" which is comprised of unelected attorneys employed by the county who are selected, hired, fired, and supervised exclusively by the commissioners court. No after-the-fact "acquiescence" by the current criminal district attorney should affect the facts which we address here.

The Galveston County Commissioners Court simply has neither the express nor implied constitutional or statutory authority to run this *de facto* county attorney's office as a county "Legal Department." In general, a commissioners court has only that authority specifically granted by the constitu-

tion and statutes. *Anderson v. Wood,* 137 Tex. 201, 204, 152 S.W.2d 1084, 1085 (1941). The only *implied* powers we recognize are those necessary to the exercise of the express powers granted. *Commissioners' Court of Madison County v. Wallace,* 118 Tex. 279, 287, 15 S.W.2d 535, 537 (1929); *see also Foster v. City of Waco,* 113 Tex. 352, 356, 255 S.W. 1104, 1106 (1923). It has been settled policy of this state to not find broad implied powers for commissioners courts.

When the legislature intends to authorize a particular county's commissioners court to create legal employment separate from the criminal district attorney, it says so expressly. There are a number of statutes granting such express authority.[1] The corresponding Galveston County statute has no such express provision.[2] This precise lack of a special authorization forces the conclusion that Galveston County lacks the power to create the "Legal Department" bureaucracy it has erected. When there is an established policy of this state (as there is *against* implying additional powers for a commissioners court), then a power may not be implied from a failure to mention it in the statute; rather, the legislature must state in the statute, in "clear and positive" terms, the intention to grant the authority. *Red River Nat'l Bank v. Ferguson,* 109 Tex. 287, 291, 206 S.W. 923, 925 (1918); *see also Magnolia Petroleum Co. v. Walker,* 125 Tex. 430, 442, 83 S.W.2d 929, 935 (1935), *cert. denied,* 296 U.S. 623, 56 S.Ct. 144, 80 L.Ed. 442 (1935) ("plain and unequivocal language" must be used). This principle particularly applies when there are similar or related statutes in which the legislature uses express language to grant such authority. *C.L.B. v. State,* 567 S.W.2d 795, 796 (Tex.1978). The legislature's *omission* of special express authority for Galveston County indicates it intended none.

The majority errs when it authorizes the Galveston County Commissioners Court to create its own peculiar "Legal Department" as though it still had a county attorney's

---

1. The following express grants are not claimed to be an all-inclusive listing:

   For Austin County, Tex.Gov't Code § 44.108(b) provides:

   > The criminal district attorney shall represent the state in all matters in the district and inferior courts in the county.... This subsection does not prevent the county from retaining other legal counsel as it considers appropriate....

   For Bexar County, Tex.Gov't Code § 44.115(e) provides:

   > The Commissioners Court of Bexar County, acting in conjunction with and on the approval of the criminal district attorney, may employ special counsel, learned in the law, to represent the county in a condemnation or eminent domain proceeding, particularly in a case involving the acquisition of rights-of-way. The employment shall be for the time and on the terms that the commissioners court and the criminal district attorney consider necessary and proper. The employment may be terminated in the manner provided by law for the removal of an assistant, investigator, or other employee of the criminal district attorney.

   For Calhoun County, Tex.Gov't Code § 44.129(b) provides:

   > The criminal district attorney shall represent Calhoun County in any court in which the county has pending business. This subsection does not prevent the county from retaining other legal counsel in a civil matter as it considers appropriate.

   For Denton County, Tex.Gov't Code § 44.161(c) is an identical provision to § 44.129(b) above, except that "Denton County" is substituted for "Calhoun County."

   For Tarrant County, Tex.Gov't Code § 44.320(b), (d) provide:

   > (b) The criminal district attorney has all the powers, duties, and privileges ... that are conferred by law on county and district attorneys ..., except in a condemnation case in which the commissioners court hires special counsel to represent the county as provided by Subsection (d).

   * * * * * *

   > (d) The Commissioners Court of Tarrant County may employ special counsel of its own choice, learned in the law, to represent the county in condemnation or eminent domain proceedings, to assist the commissioners court, the county engineer, or other county employees in preparing documents necessary in the acquisition of rights-of-way for state highways, or to assist the county in the acquisition of those rights-of-way. The commissioners court shall set the terms of the employment of special counsel as it considers proper. The commissioners court shall pay the compensation of the special counsel from the road and bridge fund of the county.

2. Tex.Gov't Code § 44.184(a), (b). ("He [criminal district attorney] shall represent Galveston County in any court in which the county has pending business." "[He] has all the powers, duties, and privileges ... that are conferred by law on county and district attorneys....")

office, with the glaring exception that the substitute county attorneys are answerable to the commissioners court and not the electorate. The majority sits as a super-legislature to convey this power despite established legal principles and precedent that dictate against it. If the legislature meant for Galveston County to have this extraordinary power, it would have said so, as it did for those counties granted special litigation authorization. For these reasons, I dissent from the court's opinion and further dissent from the overruling of the motion for rehearing.

GONZALEZ, HIGHTOWER, and DOGGETT, JJ., join in this dissenting opinion.