

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

July 13, 2016

Ms. Brandy Lee
Upshur County Auditor
Post Office Box 730
Gilmer, Texas 75644

Opinion No. KP-0104

Re: Whether a county may participate in a nonprofit organization's flag project
(RQ-0093-KP)

Dear Ms. Lee:

You explain that a nonprofit organization "conducts an ongoing fundraiser by recruiting area businesses to contribute funds, and in return, American flags are placed in front of their businesses on holidays."[1] You tell us that the project raises funds for "scholarships for area students." Request Letter at 1. You further explain that Upshur County has participated in this project in the past and that the county "is billed $20–$27 per flag each holiday." *Id.* You question "whether it is a legal use of public funds to contribute to the Rotary Club's Flag Project." *Id.*

Whether a county may contribute to a nonprofit organization in exchange for the display of flags implicates article III, section 52(a) of the Texas Constitution. Article III, section 52(a) precludes political subdivisions from using public funds for private purposes, providing:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county . . . to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . .

TEX. CONST. art. III, § 52(a). Texas courts have explained that this provision does not invalidate an expenditure which incidentally benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose. *See Brazos River Auth. v. Carr*, 405 S.W.2d 689, 693–94 (Tex. 1966). The Texas Supreme Court has articulated a three-part test to determine whether a monetary transfer satisfies the limitations of article III, section 52(a). *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 384 (Tex. 2002). The entity making the transfer must (1) ensure that the transfer is to "accomplish a public purpose, not to benefit private parties; (2) retain public control over the funds to ensure that the public purpose

---

[1]Letter from Ms. Brandy Lee, Upshur Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 26, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

is accomplished and to protect the public's investment; and (3) ensure that the political subdivision receives a return benefit." *Id.*

With regard to the first prong of this test, counties in Texas are limited to exercising those powers that are specifically conferred on them by statute or the constitution. *Guynes v. Galveston Cty.*, 861 S.W.2d 861, 863 (Tex. 1993). Federal and state laws provide for the display of the United States flag "on all days, especially" specific state and federal holidays and also provide for the display "on or near the main administration building of every public institution." 4 U.S.C. § 6(d), (e); TEX. GOV'T CODE §§ 3100.051(1), .052(b)(2) (authorizing the state flag to be displayed on "each state or national holiday" and "in the same circumstances that the flag of the United States may be displayed"). Thus, the use of county funds to display a United States flag in these circumstances serves a public purpose of a county. With regard to the second prong of the test, a county may retain public control over the funds by entering into an agreement or contract that imposes upon a recipient of public funds an obligation to perform a function benefitting the public. *See* Tex. Att'y Gen. Op. No. GA-0078 (2003) at 4–5. And with regard to the third prong, any such agreement or contract could ensure that the county receives a return benefit. *Id.*

The determination of whether a particular expenditure satisfies the three-part test is for the political subdivision to make in the first instance, subject to judicial review for an abuse of discretion. Tex. Att'y Gen. Op. Nos. KP-0007 (2015) at 2, GA-0843 (2011) at 2; *see also Comm'rs Ct. of Titus Cty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (recognizing a district court's supervisory control over a commissioners court that abuses its discretion). Thus, to determine if the expenditure is constitutional under article III, section 52(a), the county must consider whether (1) the predominant purpose of the expenditure is to accomplish an authorized public purpose of the county; (2) there are sufficient controls to ensure the public purpose is accomplished and the public investment is protected; and (3) the county receives a return benefit. *See Tex. Mun. League*, 74 S.W.3d at 384.

**S U M M A R Y**

A county has express authority to expend county funds for the display of the United States flag on county property.

In expending public funds on an organization's flag project, a county commissioners court will avoid violating article III, section 52(a) of the Texas Constitution if it determines in good faith that the expenditure serves a public purpose, it places sufficient controls on the transaction to ensure that the public purpose is carried out, and it ensures that it receives a return benefit.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee