OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 22, 2001

Ms. Pallie J. Wallace
Kleberg County Auditor
700 East Kleberg Street
Kingsville, Texas 78363

Opinion No. JC-0427

Re: Whether a monetary value transfers with sick-leave time as an employee contributes it to a sick-leave pool under chapter 157, subchapter E of the Local Government Code and then as another employee withdraws the time, and related questions (RQ-0394-JC)

Dear Ms. Wallace:

A county may establish a county sick-leave pool to which employees may transfer sick-leave time and from which an eligible employee, facing catastrophic injury or illness, may draw when the employee has exhausted all the accrued paid leave and compensatory time to which the employee is entitled. *See* TEX. LOC. GOV'T CODE ANN. §§ 157.072(a), 157.075(a) (Vernon 1999), *amended by* Act of May 15, 2001, 77th Leg., R.S., ch. 493, § 1, sec. 157.075(a), 2001 Tex. Sess. Law Serv. 890. You ask four questions about a county's sick-leave-pool program:

[1.] Whether or not it is permissible for a county to set up a sick leave pool with contributed hours, but no money attached to the hours to support the pool.

[2.] Whether or not accrued sick leave contributed to the county sick leave pool, as discussed in Local Government Code [s]ection 157.074, includes unvested sick leave.

[3.] Whether or not an employee may contribute unvested sick leave to the county sick leave pool mentioned in Local Government Code [s]ection 157.074.

[4.] Whether or not it is proper for a county to deduct the value of donated sick leave from the department of the person requesting the sick leave. Or, should the value of the donated sick leave come from the department of the employee donating the sick leave hours.[1]

---

[1]Letter from Ms. Pallie J. Wallace, Kleberg County Auditor, to Honorable John Cornyn, Texas Attorney
(continued...)

To a certain extent, your questions involve the application of various accounting principles to the transfer of sick leave to and from a sick-leave pool. Resolving these application issues requires the determination of fact issues, which this office is not qualified to undertake. *See* Tex. Att'y Gen. Op. No. JM-477 (1986) at 3 (declining to determine whether generally accepted accounting principles would require hospital to keep financial record of certain transactions because issue is question of fact).

We understand your first and last questions to involve the same issue: whether a monetary value accompanies sick-leave time as it is contributed from one employee to the pool and then from the pool to the employee who withdraws time. Accordingly, we answer them together. We conclude that, when sick-leave time is contributed from an employee to the sick-leave pool, and then withdrawn from the sick-leave pool by another employee, the statute contemplates that a value transfers with the time itself. *See* TEX. LOC. GOV'T CODE ANN. §§ 157.074(b), .075(b) (Vernon 1999).

Your second and third questions appear to involve different sides of the same issue, and so we answer them together. We conclude that a county sick-leave pool may include "unvested sick leave" and, consequently, an employee may contribute unvested sick leave to the sick-leave pool.

You explain that Kleberg County has instituted a sick-leave-pool program under chapter 157, subchapter E of the Local Government Code, *see* Request Letter, *supra* note 1, at 2, and we accordingly examine that statute to determine the extent of the county's authority. A commissioners court may exercise only those powers that the constitution and statutes confer upon it, but it has broad implied powers to accomplish its lawful directives. *See Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993); *see also* TEX. CONST. art. V, § 18; *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948) (stating that county may exercise broad discretion in conducting county business, but legal basis for any action must be in constitution or statutes); Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1 (stating that county commissioners court has limited jurisdiction and may exercise only those powers that are explicitly or implicitly conferred upon it).

A county's authority to establish a sick-leave-pool program is created and limited by chapter 157, subchapter E of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. ch. 157, subch. E title (Vernon 1999). *Cf. generally* TEX. GOV'T CODE ANN. ch. 661, subch. A (Vernon 1994 & Supp. 2001) ("State Employee Sick Leave Pool"), *amended by* Act of May 15, 2001, 77th Leg., R.S., ch. 387, § 1, sec. 661.003, 2001 Tex. Sess. Law Serv. 672. Section 157.072(a) of the Local Government Code authorizes a county commissioners court to establish a program "to allow an employee to voluntarily transfer sick leave time earned by the employee to a county sick leave pool." TEX. LOC. GOV'T CODE ANN. § 157.072(a) (Vernon 1999); *see also id.* § 157.071(2) (defining "employee"). Section 157.072(b) permits a county "with a population of one million or more" to allow an employee to voluntarily transfer vacation leave time to a county sick-leave pool. *Id.*

---

[1](...continued)
General (June 14, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

§ 157.072(b). Section 157.073 authorizes the county commissioners court to develop the parameters of the sick-leave-pool program and to designate an administrator:

> (a) The commissioners court may adopt rules and prescribe procedures and forms relating to the operation of the county sick leave pool program. The commissioners court by rule may require an employee to:
>
> > (1)    enroll in the county sick leave pool as a condition for eligibility . . . ; and
>
> > (2)    transfer at least one day of accrued sick leave time or if allowed under Section 157.072(b), accrued vacation leave time earned by the employee as a condition of enrollment.
>
> (b) The commissioners court shall designate a person to administer the county sick leave pool program.
>
> (c) The commissioners court shall determine which injuries and illnesses are classified as catastrophic for purposes of this subchapter. . . .

TEX. LOC. GOV'T CODE ANN. § 157.073 (Vernon 1999), *amended by* Act of May 15, 2001, 77th Leg., R.S., ch. 493, § 1, sec. 157.073(a), 2001 Tex. Sess. Law Serv. 890; *see also id.* § 157.071(1) (defining "administrator").

An employee who wishes to contribute time to the county sick-leave pool may do so by applying to the administrator, using the form that the commissioners court prescribed under section 157.073(a). *See id.* § 157.074(a). If the administrator approves the transfer, "in a fiscal year the employee may transfer" one to five days of the employee's accrued sick-leave time, "or accrued vacation leave time in a county operating under [s]ection 157.072(b)." *Id.* § 157.074(b). An employee who is terminated or who resigns or retires may transfer up to ten days of accrued sick-leave time, "or, if allowed under [s]ection 157.072(b), accrued vacation leave time," to take effect immediately before the termination, resignation, or retirement becomes effective. *Id.* § 157.074(c), *adopted by* Act of May 15, 2001, 77th Leg., R.S., ch. 493, § 2, sec. 157.074(c), 2001 Tex. Sess. Law Serv. 890. Upon receiving the transferred accrued leave time, the administrator must "credit the pool with the amount of time" the employee has contributed and must "deduct the same amount of time from the amount to which the employee is entitled, as if the employee had used the time for personal purposes." *Id.* § 157.074(b) (Vernon 1999).

An employee "is eligible" to apply to withdraw time contributed to the county sick-leave pool "if, because of a catastrophic injury or illness, the employee has exhausted all the accrued paid leave and compensatory time to which the employee is otherwise entitled[.]" *Id.* § 157.075(a), *amended by* Act of May 15, 2001, 77th Leg., R.S., ch. 493, § 3, sec. 157.075(a), 2001 Tex. Sess.

Law Serv. 890. *But see* Tex. Att'y Gen. Op. No. DM-129 (1992) at 3 (concluding that municipal sick-leave pool may not provide additional benefits to employee for work already performed). If the administrator approves the withdrawal, he or she credits "the time to the employee, and the employee may use the time in the same manner as sick leave earned by the employee in the course of employment." TEX. LOC. GOV'T CODE ANN. § 157.075(b) (Vernon 1999). An eligible employee may not withdraw more time than "the lesser of one-third of the total amount of time in the pool or 180 days." *Id.* § 157.075(c), *amended by* Act of May 15, 2001, 77th Leg., R.S., ch. 554, § 1, sec. 157.075(c), 2001 Tex. Sess. Law Serv. 1009.

We understand that your first and fourth questions derive from a situation affecting your office.[2] We understand that an employee of your office requested and received a number of hours from the county's sick-leave pool. *Id.* Because, as you state, "[n]o money is attached to the hours at the time of donation, and a policy on whose budget is responsible for the money associated with the donated sick leave has not been formalized," Request Letter, *supra* note 1, at 2, the county treasurer billed your office for the cost of the sick leave. Telephone conversation, note 2. You question whether this deduction from your office's budget comports with the statute. *Id.*

Paid sick leave, to which we assume you refer, has a monetary value. It is a form of compensation for some purposes. *See* Tex. Att'y Gen. Op. No. DM-129 (1992) at 2 (indicating that sick leave is compensation for purpose of article III, section 52 of Texas Constitution). It represents time that an employee may be absent from work for medical reasons, yet receive normal salary or wages for that time. *See id.* at 4 (stating that employee who contributes sick leave to pool relinquishes right to use "paid sick leave"). Furthermore, although a county docs not pay an employee extra when he or she uses sick-leave time, the county has a cost, to which it can assign some value. The county may adopt rules defining the value of the sick leave or directing how differences in the value of employees' sick-leave time will be accommodated. *See* TEX. LOC. GOV'T CODE ANN. § 157.073 (Vernon 1999), *amended by* Act of May 15, 2001, 77th Leg., R.S., ch. 493, § 1, sec. 157.073(a), 2001 Tex. Sess. Law Serv. 890 (providing county with rule-making authority).

In our opinion, the statute contemplates that a value transfers with the time itself, even though it refers primarily to the transfer of time. Under section 157.074(b), when an employee contributes time to the sick-leave pool, the administrator credits the pool with the amount of time the employee contributed and deducts "the same amount of time from the amount to which the employee is entitled, as if the employee had used the time for personal purposes." TEX. LOC. GOV'T CODE ANN. § 157.074(b) (Vernon 1999). When another employee withdraws time from the sick-leave pool, the time is transferred from the pool to the withdrawing employee, and the administrator credits the time to the withdrawing employee. *See id.* § 157.075(b). Thus, the withdrawing employee receives additional sick-leave time coincident with the transfer from the pool before the sick-leave time is deducted from the employee's available sick leave. But the program makes sense only if a value transfers with the sick-leave time.

---

[2]*See* Telephone conversation with Pallie Wallace, Kleberg County Auditor (Aug. 21, 2001) [hereinafter Telephone conversation].

The statute does not specify how the contribution or withdrawal should affect the departments of the employees involved in the transaction. In accordance with its authority to "adopt rules and prescribe procedures . . . relating to the operation of the county sick leave pool program," *see* TEX. LOC. GOV'T CODE ANN. § 157.073(a) (Vernon 1999), *amended by* Act of May 15, 2001, 77th Leg., R.S. ch. 493, § 1, sec. 1, 157.073(a), 2001 Tex. Law Serv. 890, the commissioners court is authorized to formulate county policy specifying how the transfer of sick-leave time and its accompanying value affects departmental budgets.

Your second and third questions do not stem from the fact situation you described, but are more general. You explain that "[s]ick leave for Kleberg County employees is not a vested benefit as the county has no obligation to make payment on accrued sick leave hours when the employee terminates, whereas vacation time is a vested benefit for these employees." Request Letter, *supra* note 1, at 2 (footnote omitted). You wish to know whether a county sick-leave pool may accept unvested sick leave and, stated another way, whether an employee may contribute unvested sick leave to the county sick leave pool. *Id.* at 1-2. In your view, "based on generally accepted accounting principles and Financial Accounting Standard No. 43," employees should not be able to donate unvested sick-leave hours but only vested vacation hours. *Id.* at 2. You state that "[g]overnmental generally accepted accounting principles . . . and Financial Accounting Standard . . . No. 43 indicate that sick leave is not a vested benefit for employees when the governmental entity" is not obligated to pay the employee for accrued sick leave when the employment is terminated. *Id.* at 2 n.1. By the term "unvested" sick-leave time, we understand you to refer to sick-leave time for which an employee will not be paid if the employee leaves his or her job with the county.

We conclude that, under the statute, sick-leave time that is contributed to the county's pool need not be vested. Chapter 157, subchapter E does not distinguish between vested and unvested sick leave. Rather, it allows a county to establish a sick-leave pool so that an employee may transfer any sick leave he or she has earned to the pool. *See* TEX. LOC. GOV'T CODE ANN. § 157.072(a) (Vernon 1999). Section 157.074 permits an employee to transfer "accrued sick leave time," without specifying that the leave be vested.

Additionally, in a county of your county's size, an employee may donate to the pool only sick leave. Section 157.072(b), which permits a county "with a population of one million or more" to allow an employee to voluntarily transfer vacation leave time to a county sick-leave pool, does not apply to your county because of the population requirement. *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 3 (1992) (population: 30,274). Thus, in your county, vacation time may not be donated.

## S U M M A R Y

With respect to a county sick-leave pool established under chapter 157, subchapter E of the Local Government Code, a monetary value transfers with the sick-leave time from a contributing employee to the pool and then to the withdrawing employee. *See* TEX. LOC. GOV'T CODE ANN. §§ 157.074(b), .075(b) (Vernon 1999). A county commissioners court is authorized to adopt rules governing how the transfer affects departmental budgets. A sick-leave pool may receive contributions of, and an employee may contribute to a sick-leave pool, unvested sick leave.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee