ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 18, 2004

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. GA-0205

Re: Whether a juvenile board may designate a juvenile probation department as the office authorized to determine whether to defer prosecution of a child referred to juvenile court for certain nonviolent misdemeanor offenses (RQ-0152-GA)

Dear Mr. Stafford:

You ask whether a juvenile board may designate a juvenile probation department as the office authorized to determine whether to defer prosecution of a child referred to juvenile court for nonviolent misdemeanor offenses instead of forwarding such referrals to a prosecuting attorney.[1]

## I.  Background

The Texas Juvenile Probation Commission oversees juvenile probation services for the state. *See* TEX. HUM. RES. CODE ANN. § 141.001 (Vernon 2001). The commission distributes state funds to local juvenile boards and establishes uniform standards for the local juvenile justice system. *See id.* § 141.001(3)-(4). At the county level, the juvenile justice system functions primarily under the guidance of the juvenile board, which is a "body established by law to provide juvenile probation services to a county." *Id.* § 141.002(4). Each juvenile board is composed of "the county judge, the district judges in the county, and the judges of any statutory court[ ] designated as a juvenile court"[2] whose duty is to administer the juvenile justice system in the county. *See id.* §§ 152.0032 (Vernon 2001), .0007(Vernon Supp. 2004). The board is responsible for establishing a juvenile probation department and policies for juvenile services within the jurisdiction of the board. *See id.* § 152.0007(a)(1)-(2) (Vernon Supp. 2004). The juvenile probation department implements the policies of the juvenile board, and through its probation officers provides juvenile probation services to juveniles referred to juvenile court. *See id.* § 152.0007(b); *see also id.* §§ 142.001(1), .002

---

[1]*See* Letter and Brief from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (Dec. 19, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]In a county with a family district court, the juvenile board is composed of: "(1) the county judge; (2) the judge of each family district court; (3) the judge of each other district court in the county; and (4) the judge of each other court in the county that has jurisdiction over juvenile matters." TEX. HUM. RES. CODE ANN. § 152.0051(Vernon 2001).

(Vernon 2001). Juvenile probation services are "services provided by or under the direction of a juvenile probation officer in response to an order issued by a juvenile court and under the court's direction, including . . . deferred prosecution." *See id.* § 142.001(1)(D).

Title 3 of the Family Code is designated the "Juvenile Justice Code." In each county, the juvenile board "shall designate one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court." TEX. FAM. CODE ANN. § 51.04(b) (Vernon 2002). The juvenile court has exclusive original jurisdiction over "all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child . . . at the time the person engaged in the conduct." *Id.* § 51.04(a).

Section 53.01 of the Family Code, originally enacted in 1973,[3] provides:

(a) On referral of a person believed to be a child or on referral of the person's case to the office or official designated by the juvenile board, the intake officer, probation officer, or other person authorized by the board shall conduct a preliminary investigation to determine whether:

(1) the person referred to juvenile court is a child within the meaning of this title; and

(2) there is probable cause to believe the person:

(A) engaged in delinquent conduct or conduct indicating a need for supervision; or

(B) is a nonoffender who has been taken into custody and is being held solely for deportation out of the United States.

. . . .

(d) *Unless the juvenile board approves a written procedure proposed by the office of prosecuting attorney and chief juvenile probation officer which provides otherwise, if it is determined that the person is a child and, regardless of a finding of probable cause, or a lack thereof, there is an allegation that the child engaged in delinquent conduct of the grade of felony or conduct constituting a misdemeanor offense involving violence to a person or the use or possession of a firearm, illegal knife, or club, as those terms are defined by Section 46.01, Penal Code, or prohibited weapon, as described by Section 46.05, Penal Code, the case shall be promptly forwarded to the office of the prosecuting attorney . . . .*

*Id.* § 53.01(a), (d) (Vernon Supp. 2004) (emphasis added).

---

[3]*See* Act of May 25, 1973, 63d Leg., R.S., ch. 544, 1973 Tex. Gen. Laws 1460.

When a referral to the prosecuting attorney is required to be made under section 53.01(d), section 53.012 prescribes the duties of the prosecuting attorney:

> (a) The prosecuting attorney shall promptly review the circumstances and allegations of a referral made under Section 53.01 for legal sufficiency and the desirability of prosecution and may file a petition without regard to whether probable cause was found under Section 53.01.

> (b) If the prosecuting attorney does not file a petition requesting the adjudication of the child referred to the prosecuting attorney, the prosecuting attorney shall:

>> (1) terminate all proceedings, if the reason is for lack of probable cause; or

>> (2) return the referral to the juvenile probation department for further proceedings.

> (c) The juvenile probation department shall promptly refer a child who has been returned to the department under Subsection (b)(2) and who fails or refuses to participate in a program of the department to the prosecuting attorney for review of the child's case and determination of whether to file a petition.

*Id.* § 53.012 (Vernon 2002).

Under the circumstances in which a referral is not required to be made to the prosecuting attorney, section 53.03 permits deferred adjudication of the child, provided that:

> (a) Subject to Subsections (e) and (g), if the preliminary investigation required by Section 53.01 of this code results in a determination that further proceedings in the case are authorized, the probation officer or other designated officer of the court, subject to the direction of the juvenile court, may advise the parties for a reasonable period of time not to exceed six months concerning deferred prosecution and rehabilitation of a child if:

>> (1) deferred prosecution would be in the interest of the public and the child;

>> (2) the child and his parent, guardian, or custodian consent with knowledge that consent is not obligatory; and

>> (3) the child and his parent, guardian, or custodian are informed that they may terminate the deferred prosecution at any point and petition the court for a court hearing in the case.

*Id.* § 53.03(a) (Vernon Supp. 2004).

However, subsections (e) and (g) of section 53.03 circumscribe the probation officer's, as well as the prosecuting attorney's, authority in such cases. Subsection (e) states that although "[a] prosecuting attorney may defer adjudication for any child," a probation officer may not do so for any "case that is required to be forwarded to the prosecuting attorney under Section 53.01(d)," unless the prosecuting attorney consents in writing. *Id.* § 53.03(e). Subsection (g) declares that prosecution may in no case be deferred for any child who commits an offense under sections 49.04-.08 of the Penal Code (driving, flying or boating while intoxicated, or intoxication manslaughter), or commits a third or subsequent offense under sections 106.04 (consumption of alcoholic beverages by a minor), or 106.041 of the Alcoholic Beverage Code (minor driving while intoxicated). *See id.* § 53.03(g). Thus, a probation officer or other official designated by the juvenile court is granted the discretion to defer prosecution of a juvenile in limited circumstances. The statute makes clear, in this relatively narrow class of cases, that the prosecutor has no role in determining the fate of the juvenile. The Harris County District Attorney contends that these statutes are unconstitutional to the extent that they violate the separation of powers doctrine and grant "prosecutorial discretion" to the probation department.[4]

## II.     Analysis

The relevant provisions of the Juvenile Justice Code have been in effect since 1973.[5] We begin with the proposition that all statutes are presumed to be constitutional. *See* TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 1998); *see also Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002) ("We presume that the Legislature intended for the law to comply with the United States and Texas Constitutions . . . .").

### A.     Separation of Powers

The Harris County District Attorney argues first that the separation of powers doctrine prohibits the juvenile probation department from performing functions properly allocated to the judicial branch of government. *See* DA's Brief, *supra* note 4, at 6-8. Article II, section 1 of the Texas Constitution provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another; and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly

---

[4]Brief from Honorable Charles A. Rosenthal, Harris County District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1, 5-6 (Feb. 17, 2004) (on file with Opinion Committee) [hereafter DA's Brief].

[5]*See* Act of May 25, 1973, 63d Leg., R.S., ch. 544, 1973 Tex. Gen. Laws 1460, *enacting* title 3 of the Family Code entitled "Delinquent Children and Children in Need of Supervision," *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, 1995 Tex. Gen. Laws 2517 (amendments to act including renaming title 3 "Juvenile Justice Code") (current version at TEX. FAM. CODE ANN. §§ 51.01-60.107 (Vernon 2002 & Supp. 2004).

attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1. It is well established that the offices of county and district attorney, which are created under article V of the Texas Constitution, the judicial article, are included within the judicial branch of government. *See Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987). Moreover, there can be no doubt that a juvenile probation department is also a part of the judicial branch of government. As we have indicated, a county's juvenile board is composed of judges charged with the administration of the juvenile justice system in the county. *See* TEX. HUM. RES. CODE ANN. §§ 152.0007 (Vernon Supp. 2004), .0032, .0051 (Vernon 2001). The juvenile board in turn establishes the juvenile probation department. *See id.* § 152.0007(a)(1)-(2) (Vernon Supp. 2004). Thus, it is clear that both the district attorney's office and the juvenile probation department are included within the judicial branch of government. *See also* Tex. Att'y Gen. LA-137 (1977) at 2 (county adult probation officer exercises powers of the judicial department). Where two entities exist within the same branch of government, the separation of powers doctrine is not applicable.

**B.    District Attorney's Authority to Represent the State and Prosecutorial Discretion**

The Harris County District Attorney also contends that those provisions of the Juvenile Justice Code that accord prosecutorial discretion to the juvenile probation department infringe on his power to represent the state under article V, section 21 of the Texas Constitution. *See* DA's Brief, *supra* note 4, at 8-11. That provision states, in relevant part:

> The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

TEX. CONST. art. V, § 21. In Harris County, the legislature has bifurcated the duties of the county attorney and the district attorney. The Harris County Attorney is responsible for all civil cases in the various courts of Harris County. *See* TEX. GOV'T CODE ANN. § 45.201 (Vernon 2004). The Harris County District Attorney, on the other hand, "has all the powers, duties, and privileges in Harris County relating to criminal matters for and in behalf of the state that are conferred on district attorneys in the various counties and districts." *Id.* § 43.180(c). Thus, in Harris County, the district attorney is the designated official for all criminal prosecutions.

1.    *Juvenile Cases are Civil in Nature*

We find no conflict between the Juvenile Justice Code and section 43.180 of the Government Code, which grants exclusive criminal prosecution in Harris County to the district attorney. A juvenile court "is not a criminal court . . . [but] is a special court created by statute, and the statute specifically provides what disposition may be made of a 'delinquent child.'" *Dendy v. Wilson*, 179 S.W.2d 269, 273 (Tex. 1944). Juvenile proceedings are governed, "as far as

practica[ble]," by the Rules of Civil Procedure, and are "civil in nature." *J.R.W. v. State*, 879 S.W.2d 254, 256 (Tex. App.–Dallas 1994, no writ); *see also* TEX. FAM. CODE ANN. §§ 51.13(a) (Vernon Supp. 2004) (providing that generally an order of adjudication or disposition pursuant to the Juvenile Justice Code is not a conviction of a crime), 51.17(a) (providing that "[e]xcept for the burden of proof to be borne by the state in adjudicating a child . . . or otherwise when in conflict with a provision of [title 3], the Texas Rules of Civil Procedure govern proceedings under [title 3]"), 56.01(a) (Vernon 2002) (providing that an appeal from an order of a juvenile court is predicated "as in civil cases generally").

Moreover, the Texas Code of Criminal Procedure does not apply to juvenile proceedings "unless the Legislature evinces a contrary intent." *Vasquez v. State*, 739 S.W.2d 37, 42 (Tex. Crim. App. 1987); *see also* TEX. FAM. CODE ANN. §§ 52.01(a)(2) (Vernon Supp. 2004) (providing that a child may be taken into custody "pursuant to the laws of arrest"), 51.17(b) (providing that discovery in a proceeding under title 3 "is governed by the Code of Criminal Procedure"), 51.17(c) (providing that "[e]xcept as otherwise provided by [title 3], the Texas Rules of Evidence applicable to criminal cases and Chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under [title 3]"), 51.19(a) (Vernon 2002) (providing that "limitation periods under Chapter 12, Code of Criminal Procedure . . . apply to proceedings under [title 3]").

Finally, even if juvenile prosecutions were to be construed as criminal in nature, the Juvenile Justice Code's delegation of authority in this narrow class of cases constitutes a more specific statute than section 43.180 of the Government Code because it applies only to nonviolent misdemeanor offenses that do not involve the use of a prohibited weapon.

2.     *Article V, Section 21*

The Harris County District Attorney also argues that because juvenile cases are quasi-criminal in nature, and article V, section 21 of the Texas Constitution declares that *all* criminal cases are within his constitutional jurisdiction, the legislature, in enacting the Juvenile Justice Code, has unconstitutionally delegated prosecutorial discretion to an official other than himself. *See* DA's Brief, *supra* note 4, at 2-5. As we have noted, however, all actions involving juveniles begin as *civil* cases. More significantly, article V, section 21 does not even commit all criminal prosecutions to the district or county attorney. It states first that a county attorney must represent the state in the "District and inferior courts" in their county. TEX. CONST. art. V, § 21. The provision then declares that, in counties where there is a district attorney, "the respective duties" of both officers "shall . . . be regulated by the Legislature." *Id.* Nothing in article V, section 21 requires that in Harris County or elsewhere the legislature must commit *all* representation in court to one of those two officials. *See id.* Indeed, the Texas Supreme Court has recognized that in civil cases a commissioners court is at liberty to contract with attorneys other than a county, district, or criminal district attorney. *See Guynes v. Galveston County*, 861 S.W.2d 861, 863-64 (Tex. 1993).

In enacting the Juvenile Justice Code, the legislature has recognized that certain kinds of juvenile cases, specifically those enumerated in section 53.01(d) of the Family Code (felonies and misdemeanors involving either violence to a person or use or possession of a firearm, illegal knife, club, or other prohibited weapon), are exclusively within the province of the prosecuting attorney.

*See* TEX. FAM. CODE ANN. §§ 53.01(d), 53.03(e), (g) (Vernon Supp. 2004). The legislature has merely carved out a narrow class of cases – nonviolent misdemeanors – that fall within the jurisdiction of the juvenile probation department. In such cases, in accordance with subsection 53.03(a), "the probation officer or other designated officer of the court, subject to the direction of the juvenile court" may defer prosecution, *provided* that the child and his parent, guardian, or custodian consent, *and* the probation officer finds that deferred prosecution "would be in the interest of the public and the child." *Id.* § 53.03(a) (emphasis added). Thus, the legislature has in this instance determined "the respective duties of District Attorneys and County Attorneys" pursuant to the terms of article V, section 21 of the Texas Constitution. *See* TEX. CONST. art. V, § 21.

In sum, the Harris County District Attorney's authority to represent the state in criminal matters is not contravened by the legislature's grant of deferred prosecution in a relatively narrow class of juvenile cases to the Harris County Juvenile Probation Department. Under the terms of article V, section 21 of the Texas Constitution, the legislature is at liberty to regulate the duties of the county and district attorneys. Furthermore, juvenile cases are, at least initially, civil in nature and are governed by the Rules of Civil Procedure. It is only in those instances – felonies and misdemeanors involving violence to a person or the use or possession of prohibited weapons – in which the Juvenile Justice Code removes a child, sometimes temporarily, sometimes permanently, from the juvenile justice system that the Harris County District Attorney is granted full prosecutorial discretion.

## SUMMARY

A juvenile board may, without contravening article V, section 21 or article II, section 1 of the Texas Constitution, designate a juvenile probation department as the office with the authority to defer prosecution of a child referred to juvenile court for certain nonviolent misdemeanor offenses.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee