November 4, 2010

The Honorable Florence Shapiro
Chair, Committee on Education
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0816

Re: Authority of the Dallas County Commissioners Court to retain independent legal counsel in particular circumstances (RQ-0870-GA)

Ms. Virginia Porter
Dallas County Auditor
509 Main Street, Suite 407
Dallas, Texas 75202

Dear Senator Shapiro and Ms. Porter:

You both ask questions about the authority of the Dallas County Criminal District Attorney to represent the County in civil matters and how that authority corresponds with the Dallas County Commissioners Court's authority to retain independent legal counsel in particular circumstances.[1] The two sets of questions together require us to analyze the following three subjects: (1) the division between the Dallas County Commissioners' authority to retain counsel and the Dallas County Criminal District Attorney's authority to represent Dallas County in civil matters and which county official or officials have the authority to select special counsel to represent the County; (2) whether conflict of interest or a statutory bar prohibits the Criminal District Attorney from performing his function under that section; and (3) the lawfulness of contracts entered into by the Dallas County Commissioners Court for employment of special counsel.[2] We will address these issues seriatim.

## I. The Division of Authority Between the Dallas County Commissioners Court and the Criminal District Attorney with Regard to Civil Matters

Section 44.157 of the Government Code outlines the duties specific to the Dallas County Criminal District Attorney and confers broad authority over criminal matters and a duty to represent the state in criminal matters in Dallas County, except where that duty is assigned elsewhere by statute. TEX. GOV'T CODE ANN. § 44.157(a)–(b) (West 2004). Notably, that section does not confer any authority to represent the County in *civil* matters. *Id.* In analyzing a similar statute specific to

---

[1]*See* Shapiro Request Letter at 1; Porter Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]We understand all of the questions to relate to Dallas County. We limit our answers accordingly.

the Galveston County Criminal District Attorney, the Texas Supreme Court provided the following explanation:

> [W]e understand section 44.184 to impose a duty on the Criminal District Attorney to represent the county if requested, but not to deprive the Commissioners Court of the option of availing itself of the advice of other counsel when the legal matter to be addressed is not one within the Criminal District Attorney's exclusive domain.

*Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 864 (Tex. 1993). Indeed, courts have "upheld the power of a commissioners court to hire counsel to assist it or other officials in carrying out their responsibilities so long as the statutory duties of other county officials are not thereby usurped." *Id.* at 863.

While the Legislature has expressly authorized the "commissioners court of a county with a population of more than 1.25 million [to] employ an attorney as special counsel . . . to . . . represent the county in any suit brought by or against the county," TEX. LOC. GOV'T CODE ANN. § 89.001(a)–(b) (West 2008), it has also prescribed the method for selection of special counsel:

> If the county does not have a county attorney, the district attorney or *criminal district attorney shall select the special counsel.* The selecting officer shall determine the terms and duration of employment of the special counsel, subject to the court's approval.

*Id.* § 89.001(c) (emphasis added).[3]

When interpreting statutes such as this, we ascertain and give effect to the Legislature's intent as expressed by the statute's language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Where the text is clear, it is determinative of the Legislature's intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Based on the plain language of section 89.001, while the commissioner's court has the authority to determine whether to pursue or defend a claim in court, it is for the criminal district attorney to "select the special counsel." TEX. LOC. GOV'T CODE ANN. § 89.001 (West 2008); *see also Driscoll v. Harris Cnty. Comm'rs Ct.*, 688 S.W.2d 569, 573 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (applying predecessor to section 89.001, and finding that, "if there was no county attorney, then the district attorney or criminal district attorney was to participate in the process of employing special counsel"). Thus, we conclude that Local Government Code section 89.001 designates the Dallas County Criminal District Attorney as the officer authorized to select special counsel to represent the County in a suit brought by or against the County.

---

[3]Dallas County does not have a county attorney, but "[t]he criminal district attorney has all the powers, duties, and privileges in Dallas County that are conferred by law on county and district attorneys in the various counties and districts." TEX. GOV'T CODE ANN. § 44.157(b) (West 2004).

## II.    Effect of Statutory Bar or Conflict

Senator Shapiro asks whether the Dallas County Criminal District Attorney is "precluded from representing Dallas County in civil matters" because he is a state prosecutor as defined in section 41.006 of the Government Code. Shapiro Request Letter at 2. TEX. GOV'T CODE ANN. § 46.001(3) (West Supp. 2010). We find nothing in chapter 46 that expressly precludes the Dallas County Criminal District Attorney from representing the County in civil matters. Furthermore, we note that other officials listed as state prosecutors in section 46.002 are authorized to represent their respective counties in *all* matters pending before the courts of their jurisdiction, not just criminal matters. *See, e.g., id.* §§ 45.244 (West 2004), 46.002(3) (West Supp. 2010). Thus, the fact that the Dallas County Criminal District Attorney is defined as a state prosecutor in chapter 46 of the Government Code does not preclude him from representing the county in civil matters.

Senator Shapiro also asks whether the Dallas County Criminal District Attorney's authority to select a special counsel changes "where a conflict of interest exists for the District Attorney." Shapiro Request Letter at 1. In enacting section 89.001, the Legislature is fairly "presumed to have enacted [it] . . . with complete knowledge of the existing law and with reference to it." *Acker v. Tex. Water Comm'n,* 790 S.W.2d 299, 301 (Tex. 1990). The Legislature requires that criminal district attorneys be lawyers subject to the State Bar's ethical rules. *See* TEX. GOV'T CODE ANN. § 41.001 (West 2004) (requiring district attorneys to be licensed attorneys); *id.* § 81.071 (subjecting licensed attorneys to the disciplinary jurisdiction of the state supreme court and state bar). Thus, when the Legislature enacted section 89.001 in 1987 it surely anticipated that the county or district attorney in the populous counties to which that provision applied would be subject to ethical constraints, including conflict of interest rules. Accordingly, we believe that a court construing section 89.001 would likely find that a criminal district attorney could not select counsel for a commissioners court where he or she is actually laboring under an ethical conflict in making that selection.[4]

## III.    Lawfulness of Contract Entered into by a Commissioners Court Without Prior Approval of the Criminal District Attorney

Ms. Porter asks whether a contract for private "counsel representing the County negotiated by Dallas County's Commissioners Court, without approval of the District Attorney, is lawfully made or null and void."[5] Porter Request Letter at 1. We note at the outset that this office does not

---

[4]This opinion does not address any pending accusation of conflict of interest. *See* Tex. Att'y Gen. Op. No. GA-0557 (2007) at 3 (noting that discussing a particular disciplinary violation is beyond the scope of the opinion process). The question whether a conflict exists is for the Criminal District Attorney and the Commissioners Court to negotiate in the first instance and for an appropriate court to the extent agreement cannot be reached. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 2.07 (West 2005) (authorizing the "judge of the court" in which the district attorney represents the state to appoint "any competent attorney to perform the duties of the office" where the district attorney is "disqualified" or "unable to perform").

[5]We assume that the representation Ms. Porter is concerned about falls within the parameters of subsection 89.001(b) of the Local Government Code.

approve, review, or comment on the terms of a particular contract in the opinion process. Tex. Att'y Gen. Op. No. GA-0743 (2009) at 1–2. Therefore, a determination as to whether a particular contract is lawful or void is outside the scope of the opinion process. *Id.* at 2. However, we can address general legal principles that may be relevant to whether a contract is permitted under the law. *Id.*

As noted above, a commissioners court has the authority to retain counsel for the purpose of rendering advice and counsel. There is no statutory requirement that the criminal district attorney endorse such a contract in order for it to be valid. However, in counties subject to section 89.001 of the Local Government Code, where the engagement goes further and includes authorization to "represent the county in any suit brought by or against the county," the engagement is to be made by the county, district, or criminal district attorney. An engagement made in violation of this requirement could be ratified or voided at his or her election, subject to the possibility of a disabling conflict or other disability detailed above, in which case the issue would be resolved by an appropriate civil court.

## S U M M A R Y

Although the Dallas County Criminal District Attorney has broad authority over most criminal matters and a duty to represent the state in those matters in Dallas County, he does not have a duty to represent Dallas County in all civil matters. However, the Dallas County Criminal District Attorney does have the power to select counsel and to determine the terms and duration of the engagement where the representation will include filing or defending a suit by or against the County.

While the Dallas County Criminal District Attorney is not barred from exercising this or any other power on account of his status as a state prosecutor under the statutory provision defining and constraining that office, he is subject to ethical rules governing conflicts of interest that could preclude him from selecting counsel. Whether such a conflict exists is a matter for the Criminal District Attorney and the County Commissioners to determine in the first instance and, barring agreement, as an ancillary matter for the civil court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee