

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

January 12, 2001

The Honorable Chris D. Prentice
Hale County Attorney
Hale County Attorney's Office
500 Broadway, Suite 80
Plainview, Texas 79072

Opinion No. JC-0329

Re: Whether a county commissioner may use county property to open and close graves in a private cemetery (RQ-0275-JC)

Dear Mr. Prentice:

You ask this office whether a county commissioner may use county property to open and close graves in a private cemetery within his precinct at no charge.[1] We conclude that he may not.

As you explain the matter, for more than fifty years a county commissioner in Hale County has used county labor and equipment to open and close graves in a private cemetery. *See* Request Letter, note 1, at 1. The grave digging process takes a total of one hour to open and close a grave using a county worker and the county backhoe. *See id.* at 3. You inform us that the county receives no compensation for this service. *See id.* According to your knowledge, the county commissioners court has not authorized the use of county labor and equipment for this purpose. *See id.* You have advised the county commissioner to cease grave digging. *See id.* at 1. We agree with your conclusion because a county commissioner is without authority to use public labor or equipment for a private purpose.

In essence, your question raises two issues. The first issue is whether a commissioners court may use public funds or public equipment for a private purpose. The second issue raised by your question is whether a county commissioner, acting apart from the commissioners court, may bind a county.

It is well established that public labor and materials may only be used for a public purpose. *See* TEX. CONST. art. III, § 52(a); *Ex parte Conger*, 357 S.W.2d 740, 742 (Tex. 1962) (prohibiting

---

[1]*See* Letter from Honorable Chris D. Prentice, Hale County Attorney, to Chair, Opinion Committee, Office of the Attorney General at 1 (Aug. 24, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

county commissioners from using county equipment to clear brush from a private lot, benefitting the landowner); Tex. Att'y Gen. LO-89-005, at 1 (stating that "[c]ounty funds may only be spent for public purposes"). The Texas Constitution restricts a county's use of public funds, stating that:

> (a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county . . . to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . .

TEX. CONST. art. III, § 52(a); *see* Tex. Att'y Gen. Op. No. JC-0080 (1999) at 1 (stating that article III, section 52(a) "restricts the use of public money to the accomplishment of public purposes"). Generally, a public purpose benefits the local population, not merely a select group of persons. *See* 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 12.7 (1989). A commissioners court, as a body, must determine whether a particular use of county resources serves a public purpose. *See* TEX. CONST. art. V, § 18.

However, a county may use county resources for a private cemetery in limited circumstances. Section 713.028 of the Texas Health and Safety Code provides:

> (a) For purposes of historical preservation or public health, safety, or welfare, a commissioners court may use public funds, county employees, and county equipment to maintain a cemetery that has a grave marker more than 50 years old.

> (b) This section does not apply to a perpetual care cemetery or a cemetery maintained by a religious or fraternal organization.

TEX. HEALTH & SAFETY CODE ANN. § 713.028(a), (b) (Vernon 1992). Section 713.028 of the Health and Safety Code is inapplicable here. Section 713.028 of the Health and Safety Code specifically addresses the "maintenance" of a cemetery, not the service of burying persons. *See id.* § 713.028(a). You inform us that the county commissioner uses county resources to open and close graves and does not provide any other maintenance or upkeep to the private cemetery. *See* Request Letter, *supra* note 1, at 1. We believe that the opening and closing of new graves does not, by itself, constitute the "maintenance" of a cemetery. *See* IX OXFORD ENGLISH DICTIONARY 225 (2d ed. 1989) (defining maintenance as "[t]he action of keeping in effective condition, in working order, in repair . . . ; the keeping up of"). Even assuming the statute were applicable, based on the information provided, the commissioners court has not authorized the use of county resources under this statute. Nor has it made a finding that the opening and closing of graves in a private cemetery constitutes a public purpose.

In addressing the second issue raised by your question, we note that apart from the commissioners court, an individual commissioner has no authority to bind a county. *See* Tex. Att'y Gen. Op. No. JM-1155 (1990) at 1. Article V, section 18 of the Texas Constitution provides the commissioners court with jurisdiction over all "county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." A county may only act through its

commissioners court. *See* TEX. CONST. art. V, § 18 (granting the commissioners court jurisdiction over county business); *see also Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (noting the authority of the commissioners court). An individual county commissioner, like other county officers, has only the powers expressly conferred by the Texas Constitution or statutes or necessarily implied therefrom. *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 2. An individual commissioner may have certain powers as an ex officio road commissioner for his or her precinct. *See* TEX. TRANSP. CODE ANN. § 252.003 (Vernon 1999). "Under the direction of the commissioners court, an ex officio road commissioner is responsible for the vehicles, tools, and machinery belonging to the county and placed in the commissioner's control by the court." *Id.* § 252.006(a). However, the powers granted to a commissioner as an ex officio road commissioner pertain solely to laying out, construction, and building of roads and bridges. *See id.* § 252.006(b). These powers have no relationship to, and do not include the authority to use public equipment to dig or fill graves in a private cemetery. *See id.*

In sum, a commissioners court, as a body, may authorize the use of county labor and equipment solely for a public purpose. An individual commissioner, acting apart from the commissioners court, may not use county labor and equipment to open and close graves in a private cemetery.

## S U M M A R Y

An individual county commissioner may not use county labor and equipment to open and close graves in a private cemetery. A commissioners court, acting on behalf of the county, may use county labor and equipment solely for a public purpose.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Polly McCann Pruneda
Assistant Attorney General - Opinion Committee