ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 28, 2011

The Honorable James M. Tirey
Hale County Attorney
500 Broadway, Suite 340
Plainview, Texas 79072

Opinion No. GA-0865

Re: Deadline for initiating a salary grievance proceeding by a county or precinct officer (RQ-0922-GA)

Dear Mr. Tirey:

You ask two questions about the salary grievance process for county and precinct officers.[1] Your first question is whether two opinions of this office, GA-0051 (2003) and GA-0620 (2008), correctly construed sections 152.013 and 152.016 of the Local Government Code. Request Letter at 1, 2.

Opinion GA-0620 noted that a commissioners court sets the amount of compensation for county and precinct officers "'at a regular meeting of the [commissioners] court during the regular budget hearing and adoption proceedings.'" Tex. Att'y Gen. Op. No. GA-0620 (2008) at 3 (quoting section 152.013(a) of the Local Government Code). Opinion GA-0051 advised that before "filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary . . . to be included in the budget.'" Tex. Att'y Gen. Op. No. GA-0051 (2003) at 2 (quoting section 152.013(c) of the Local Government Code). Both opinions noted that an officer "'who is aggrieved by the setting of the officer's salary . . . may request a hearing before the salary grievance committee before the approval of the county's annual budget.'" Tex. Att'y Gen. Op. Nos. GA-0620 (2008) at 3, GA-0051 (2003) at 2 (quoting section 152.016(a) of the Local Government Code).

You are concerned that under "the construction adopted by . . . GA-0051 and GA-0620, the salary grievance process could become meaningless" because "[w]hen the commissioners court adopted the annual budget at the final budget hearing and did not include the proposed increase in salary, the officer would have no recourse to the grievance process." Request Letter at 4. However, GA-0051 and GA-0620 both opined that under section 152.013(c) of the Local Government Code, the "commissioners court must notify elected officers of proposed salaries and expenses after having

[1]See Letter from Honorable James M. Tirey, Hale County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Sept. 29, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

received the proposed budget from the county judge, but sufficiently before the court's approval so that an aggrieved officer can receive a determination from the salary grievance committee." Tex. Att'y Gen. Op. No. GA-0620 (2008) at 3 (quoting Tex. Att'y Gen. Op. No. GA-0051 (2003) at 4). Opinion GA-0620 also noted that the "commissioners court's duty to notify the officer continues until [it] has filed the final budget with the county clerk" and "the recommendations of the grievance committee *must* be presented to the commissioners court *before* the court files its final budget with the county clerk." *Id.* at 3, 4. Thus, GA-0051 and GA-0620 construed section 152.013 in a way that would require a commissioners court to give an officer the opportunity to request a grievance committee hearing.[2]

You are concerned that this construction "would appear to bind the commissioners court to the salaries . . . included in the proposed budget" and that this "disregards the discretion of the commissioners court in setting a county budget." Request Letter at 3, 4. However, "although a commissioners court may exercise broad discretion . . . , the legal basis for any action [it takes] must be grounded ultimately in the constitution or statutes." *Guynes v. Galveston Cnty*, 861 S.W.2d 861, 863 (Tex. 1993) (citation omitted). Accordingly, GA-0051 and GA-0620 advised that sections 152.013 and 152.016 require a commissioners court to notify county and precinct officers of the amount at which the court chooses to set the officers' salaries before the court approves them. *See* Tex. Att'y Gen. Op. Nos. GA-0620 (2008) at 4, GA-0051 (2003) at 4. Thus, both opinions noted that a commissioners court has authority to set county and precinct officers' salaries but opined that a commissioners court must exercise its discretion consistently with state law. *See generally* Tex. Att'y Gen. Op. Nos. GA-0620 (2008), GA-0051 (2003). This construction is faithful to the plain language of the statutory text and logical. *See Guynes*, 861 S.W.2d at 863. (holding that the legal basis for a commissioners court's act must ultimately be grounded in the constitution or statutes). Consequently, it is correct. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26, 629 (Tex. 2008) (holding that courts ascertain and give effect to legislative intent by construing statutory language according to its plain meaning unless it would lead to absurd results).[3]

You also ask which event in the Hale County budget process "constitutes notice to determine the deadline for filing a request for a hearing with the salary grievance committee[.]" Request Letter at 4. You write that on August 9, 2010, the commissioners court filed a proposed budget with the

---

[2]GA-0051 modified opinions DM-405 and JC-0471 to the extent that they construed section 152.013 to require a commissioners court to notify elected officers of their salaries "'after the commissioners court has adopted the budget, but before filing it with the county clerk.'" Tex. Att'y Gen. Op. No. GA-0051 (2003) at 4 (citing Tex. Att'y Gen. Op. No. DM-405 (1996) at 4 and Tex. Att'y Gen. Op. No. JC-0471 (2002) at 1–2). GA-0051 noted that section 152.016(a) did not, at the time DM-405 was issued, "require an aggrieved officer to request a hearing 'before the approval of the county's annual budget.'" *Id.* (quoting section § 152.016(a) of the Local Government Code).

[3]You write that "Opinions Nos. GA-0051 and GA-0620 do not seem to take [the practical reality of the county budgeting process into account] in arriving at their conclusions." Request Letter at 3. The constitution expressly requires the Attorney General to provide legal rather than practical advice to authorized opinion requestors, but the following suggestion in GA-0620 appears to be useful and sensible: "[W]e recommend commencing the [budget and salary-setting processes] as early as possible in order to comply with the intricacies of the two schemes." Tex. Att'y Gen. Op. No. GA-0620 (2008) at 5. *See also* TEX. CONST. art. IV, § 22 (listing the Attorney General's duties).

county clerk, and the county auditor sent a memo to all elected officers stating that their salaries would remain the same as they were under the then-current budget. *Id.* at 1. You state that "[n]o further written notice regarding proposed salaries was given to officers or department heads after the August 9, 2010, memorandum." Request Letter at 2 n.3. GA-0620 opined that "'[t]he written notice provided to the elected officers marks the beginning of the grievance process . . . .'" Tex. Att'y Gen. Op. No. GA-0620 (2008) at 3 (quoting Tex. Att'y Gen. Op. No. GA-0051 (2003) at 2). Therefore, according to your description of events and under previous opinions of this office, the grievance process appears to have begun when officers received the August 9 notice.[4]

---

[4]We do not determine whether that notice or another event may constitute sufficient legal notice under section 152.016. *See* Request Letter at 1 (asking your question "[u]nder the facts presented"). Consequently, we do not opine on whether a particular request for a salary grievance hearing is timely.

## S U M M A R Y

Attorney General Opinions GA-0051 and GA-0620 correctly construed sections 152.013 and 152.016 of the Local Government Code.

An elected county or precinct officer aggrieved by the setting of the officer's salary may request a hearing before the salary grievance committee if, among other things, the request is delivered to the grievance committee chair within five days after the day the officer receives notice of the salary.

Very truly yours,

GREG  ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee