

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

May 16, 2018

Mr. Edward A. Dion, CPA, CIO
El Paso County Auditor
800 East Overland Street, Room 406
El Paso, Texas 79901-2407

Opinion No. KP-0203

Re:  County authority to collect or delegate the collection of money owed to the county (RQ-0200-KP)

Dear Mr. Dion:

You ask several questions about the El Paso County Commissioners Court's authority under article 103.003 of the Code of Criminal Procedure to collect or delegate the collection of money owed to the county.[1]  You tell us that formerly, the commissioners court created a consolidated collections department under the county clerk to collect county costs, fines, and fees assessed by county courts and justice courts. Request Letter at 1.  Under prior practice, the collections department automatically referred payables that became more than 60 days past due to a private collection service retained by contract with the county, and the collection service directed payors to send payments directly to the court that imposed the fees and fines. *Id.* at 3, 6.  Recently, you tell us, the commissioners court moved the consolidated collections function from the clerk's office to a county department that the commissioners court designated to handle collections on the commissioners court's behalf. *Id.* at 3.  You further state that the county entered into a new contract with a private collections firm that allows the firm to receive and deposit payments into its own account, then remit the payment, less any collections fee, to the county by the next regular business day after receiving the payment. *Id.* at 3–4.  You ask multiple overlapping questions about two main issues: (1) the commissioners court's collection authority under article 103.003(b-1), as it relates to the collection authority of officers listed in article 103.003(a); and (2) the commissioners court's authority to contract with private collection firms or attorneys. *Id.* at 4 (citing TEX. CODE CRIM. PROC. art. 103.003(a), (b-1)).

Article 103.003, located in title 2 of the Code of Criminal procedure, provides:

> (a) District and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace may collect money payable under this title.

---

[1]*See* Letter from Mr. Edward A. Dion, El Paso Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 4 (Dec. 8, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

> (b) A community supervision and corrections department and a county treasurer may collect money payable under this title with the written approval of the clerk of the court or fee officer, and may collect money payable as otherwise provided by law.
>
> (b-1) The commissioners court of a county that has implemented a collection improvement program under Article 103.0033 may collect money payable under this title or under other law.
>
> (c) This article does not limit the authority of a commissioners court to contract with a private vendor or private attorney for the provision of collection services under Article 103.0031.

TEX. CODE CRIM. PROC. art. 103.003. You suggest that the commissioners court's authority in subdivision (b-1) refers only to payables that are over 60 days past due ("delinquent") because that provision refers to a collection improvement program that must include a component to address delinquent payables.[2] Request Letter at 4–7. Therefore, you assert, the commissioners court lacks authority of its own to collect non-delinquent payables, and the commissioners court may collect such payables only if it obtains the consent of an official listed in article 103.003(a). *Id.*

Article 103.003 grants independent authority concurrently to the commissioners courts specified by subdivision (b-1) and to the officers specified in subdivision (a). TEX. CODE CRIM. PROC. art. 103.003(a), (b-1). Neither subdivision conditions authority on prior approval. Rather, only a supervision and corrections department and a county treasurer must obtain written approval of the court clerk or fee officer to collect payables. *Id.* art. 103.003(b). Subdivision (b-1) merely identifies the commissioners courts that possess collection authority—those that have implemented a collection improvement program under article 103.0033. *Id.* art. 103.003(b-1). The fact that such a program requires a component to address delinquent payables does not limit the applicability of subdivision (b-1) to only delinquent payables.

You question the authority of the commissioners court to "delegate the duty" of non-delinquent collections to the newly created in-house department. Request Letter at 4. A commissioners court that implements a collections improvement program pursuant to article 103.033 must include a component of the program that conforms with a model developed by the Office of Court Administration. TEX. CODE CRIM. PROC. art. 103.0033(d)(1). The Office of Court Administration rules allow local program activities to "be assigned to one individual employee or distributed among two or more employees." 1 TEX. ADMIN. CODE § 175.3(a)(1) (2018) (Tex. Judicial Council, Collection Improvement Program). However, neither the Office of Court

---

[2]Article 103.0033 requires a county with a population of 100,000 or greater to implement a "program to improve the collection of court costs, fees, and fines imposed in criminal cases." TEX. CODE CRIM. PROC. art. 103.0033(a)(3), (b). The program must include (1) a component "designed to improve in-house collections for eligible cases" and (2) a component "designed to improve the collection of balances for eligible cases more than 60 days past due, which may be implemented by entering into a contract with a private attorney or public or private vendor in accordance with Article 103.0031." *Id.* art. 103.0033(d). The article applies to El Paso County because its population as of the last decennial census was 800,647. *See* UNITED STATES CENSUS BUREAU, QUICK FACTS, https://www.census.gov/quickfacts/fact/table/elpasocountytexas/POP010210#viewtop.

Administration's rules nor article 103.0033 addresses which officer or officers must supervise and administer the in-house collections component. Article 103.003(b-1) grants collections authority to a commissioners court implementing the program, and a commissioners court may employ assistants in the performance of the commissioners court's responsibilities. TEX. CODE CRIM. PROC. art. 103.003(b-1); *see, e.g., Guynes v. Galveston Cty.*, 861 S.W.2d 861, 863–64 (Tex. 1993) (recognizing commissioners court's implied authority to employ a permanent legal staff to assist the commissioners in carrying out their responsibilities). Accordingly, a court would likely conclude that a commissioners court may establish a county department in aid of the commissioners court's collection authority.

You raise an attorney general opinion that concluded that a commissioners court may not create a collections department supervised by the county treasurer without the consent of the county clerk. Request Letter at 6 (citing Tex. Att'y Gen. Op. No. GA-0332 (2005)). Attorney General Opinion GA-0332 reached that conclusion because, at that time, the county treasurer was not one of the officials authorized in article 103.003. Tex. Att'y Gen. Op. No. GA-0332 (2005) at 1, 4 n.5. The opinion reasoned further that a commissioners court does not have the authority to reassign a court clerk's statutory duties to collect certain fees to a collections department under the treasurer. *Id.* at 3–4. However, this reasoning is inapplicable here because the collection authority in article 103.003(b-1) derives from a statute, not merely from a commissioners court order. TEX. CODE CRIM. PROC. art. 103.003(b-1). You ask whether the commissioners court's collection authority conflicts with statutes specifically requiring a court clerk to collect certain fees. Request Letter at 6; *see, e.g.,* TEX. CODE CRIM. PROC. arts. 102.0045(b) (juror services fee), 102.005(f) (records management fee), 102.017(d) (security fee); TEX. GOV'T CODE § 102.081 (requiring clerk to collect payment of certain costs upon a defendant's conviction). However, the Legislature may prescribe duties to both the county clerk and the commissioners court. *See* TEX. CONST. art. V, § 20 (providing that county clerk's duties "shall be prescribed by the Legislature"); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (stating that "commissioners courts are subject to the Legislature's regulation"). In article 103.003, the Legislature granted collection authority to the commissioners court in addition to that of the court clerks. A court would likely conclude that, while a commissioners court may not prohibit a clerk from collecting payables proffered by a defendant, a commissioners court may establish and supervise a county collection department to collect outstanding payables. *Cf. Comm'rs Ct. of Titus Cty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997) (determining that a commissioners court may delegate a function that statutes do not delegate exclusively to one officer); *Guynes*, 861 S.W.2d at 863–64 (determining that commissioners court could establish a civil legal department because the county attorney does not have exclusive duty to represent the county in civil matters).

Finally, you ask about the authority of the commissioners court to structure a contract with a collections firm to allow the firm to deposit payables it collects in its own account and retain the additional collections fee before remitting payment to the county. Request Letter at 4, 7–9.[3] You

---

[3]Article 103.0031 of the Code of Criminal Procedure authorizes a commissioners court of a county to contract for "collection services for . . . debts and accounts receivable such as unpaid fines, fees, court costs, forfeited bonds, and restitution ordered paid by . . . a court serving the county." TEX. CODE CRIM. PROC. art. 103.0031(a)(1)(A).
(continued...)

suggest that the analysis in Attorney General Opinion GA-0636 would not permit that practice because the opinion determined that a county official does not have authority to deposit amounts collected by the official in an account that the official maintains in the county depository in the official's name. *Id.* at 8; *see* Tex. Att'y Gen. Op. No. GA-0636 (2008) at 3–4. However, that opinion concerned county funds collected by a county official, not payables collected by a private collections firm under article 103.0031(b).

Under article 103.0031, a commissioners court's contract with a collections service may allow adding a collection fee to a payable "that is more than 60 days past due and has been referred to the attorney or vendor for collection." TEX. CODE CRIM. PROC. art. 103.0031(b). The statute requires generally that the court must "receive all fees, including the collection fee," but not if the "the contract provides otherwise." *Id.* Thus, the statute allows the contract to govern the initial receipt of collected payables.

The Local Government Code requires that any person who collects "fees, commissions, funds, and other money belonging to a county" must deposit those amounts with the county treasurer. TEX. LOC. GOV'T CODE § 113.021(a). Generally, the deposit must occur by the next regular business day after the date on which the money is received. *Id.* § 113.022(a).[4] The statutes do not address how a collections firm employed under article 103.0031 must accomplish the deposit. A court would likely conclude that because collections by a private collections firm are governed by contract under article 103.0031, the contract may allow the firm to collect payables into its own account, retain the additional collections fee, and deposit county money with the county treasurer, provided that the firm does so within the time permitted by statute.

---

Article 103.003 specifies that the collection authority the statute grants to individuals and the commissioners courts "does not limit the authority of a commissioners court to contract with a private vendor or private attorney for the provision of collection services under Article 103.0031." *Id.* art. 103.003(c).

[4]The statute further provides that if the deadline cannot be met, the fee must be deposited no later than the fifth business day after receipt. TEX. LOC. GOV'T CODE § 113.022(a).

## SUMMARY

Article 103.003(b-1) of the Code of Criminal Procedure authorizes a county commissioners court to collect amounts payable under title 2 of the code independently of the officials listed in article 103.003(a).

A court would likely conclude that article 103.003(b-1) authorizes a commissioners court to create a county department to assist the commissioners court to collect such payables.

A court would likely conclude that a commissioners court may contract with a collections firm, permitting the firm to collect payables into its own account, retain the additional collections fee, and deposit county money with the county treasurer, provided that the firm does so within the time permitted by statute.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee