

# KEN PAXTON

## ATTORNEY GENERAL OF TEXAS

October 23, 2023

The Honorable Eduardo Arredondo
Burnet County Attorney
220 South Pierce
Burnet, Texas 78611

**Opinion No. KP-0449**

Re: Whether a county commissioners court may cede authority to the county judge to hire a county commissioner's spouse for a position that reports directly to the county judge; and related questions involving Government Code chapter 573 (RQ-0511-KP)

Dear Mr. Arredondo:

You ask several questions regarding hiring a human resources director for Burnet County ("County").[1] You tell us that the county judge appointed the spouse of a county commissioner "as the compensated director of Human Resources for the County"[2] and that the position "reports directly to the Burnet County Judge."[3] Request Letter at 2. You also tell us that the commissioners court approves the payroll for this position as well as the budget for the human resources department. *Id.*

You first ask whether a commissioners court may delegate its implied power to hire and employ persons "to one of its members, the county judge[.]" *Id.* at 1–2.

---

[1] *See* Letter from Honorable Eduardo Arredondo, Burnet Cnty. Att'y, to John Scott, Interim Tex. Att'y Gen. at 1 (June 2, 2023), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0511KP.pdf ("Request Letter").

[2] We have received a brief that asserts additional or different facts. *See* Brief from Sara Ann Luther, Burnet Cnty. Hum. Res. Coordinator at 1–2 (June 23, 2023). As this office does not attempt to resolve fact questions, we consider your statement of facts solely as premises for your questions. *See* Tex. Att'y Gen. Op. No. GA-0659 (2008) at 3 n.5 ("To answer a requestor's questions of law . . . we assume that the requestor's description of the facts is correct.").

[3] You do not indicate the human resources director position was created pursuant to subchapter A, chapter 151, Local Government Code. *See generally* Request Letter; *see also* TEX. LOC. GOV'T CODE §§ 151.001–.004 (providing that a county officer who requires the services of an employee in the performance of the officer's duties may appoint an employee after the commissioners court authorizes it but prohibiting the commissioners court from influencing the appointment of a particular person to the position).

**A commissioners court may, through official action, delegate to the county judge its implied authority to employ persons necessary to carry out county business.**

A commissioners court is the governing body of the county and its "power is limited to that which is expressly delegated to it by the Texas Constitution or Legislature, or necessarily implied to perform its duties[.]" *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). As you observe, no state law specifically authorizes a commissioners court to hire a human resources director. *See* Request Letter at 2. However, the Texas Constitution provides that a county commissioners court "shall exercise . . . power[] and jurisdiction over all county business . . . ." TEX. CONST. art. V, § 18(b). And under this provision courts have recognized a commissioners court's implied authority to employ persons necessary to carry out county business. *See Henry v. Cox*, 520 S.W.3d 28, 32 n.6 (Tex. 2017) (acknowledging that an employment position was created pursuant to a commissioners courts' implied authority under article V, subsection 18(b)); *Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 864 (Tex. 1993) (holding a commissioners court had authority to fund and make use of a county legal department for the conduct of its civil legal affairs); *see also* Tex. Att'y Gen. Op. No. JC-0264 (2000) at 3 (opining that "[t]he commissioners court has implied authority to employ persons necessary to carry out county business derived from its express constitutional authority" under article V, subsection 18(b) and statutes defining its hiring powers generally).

At least one Texas court has held that a commissioners court may delegate to a committee that includes a county judge its implied power to employ persons necessary to carry out county business. In the case of *Galveston County v. Gresham*, the county commissioners passed a resolution appointing the county judge and another individual to act as a committee "to employ counsel to represent Galveston county in all legal and legislative matters pertaining to the construction of a sea wall . . . ." 220 S.W. 560, 561 (Tex. Civ. App.—Galveston 1920, writ ref'd). The county auditor subsequently refused to pay the individual hired to do the work arguing, in part, that article V, subsection 18(b) did not authorize hiring the individual and that the commissioners' court had delegated "to agents the exercise of such judgment and discretionary powers as are exclusively reposed by the Constitution and laws of this state in that court alone." *Id.* at 562. The Galveston Court of Appeals rejected both arguments. *See id.* at 562–63. The court held that hiring the individual "was clearly 'county business' within the jurisdiction of the commissioners' court." *Id.* at 562. The court further held that

> [t]he [commissioners] court as such having first officially determined upon and formally passed and entered its resolution directing the employment of counsel for the particular purposes specified, the mere carrying out of that action by selection of the individual attorney, fixing his compensation, and drawing the contract with him, were only such ministerial and executive duties as could be turned over to its committee[.]

*Id.* at 563. Accordingly, a commissioners court may, through official action, delegate to the county judge its implied authority to hire and employ persons.

Whether the commissioners court's implied authority to employ persons was delegated to the county judge in this instance depends on facts which are unclear in your letter. *See* Request Letter at 2 (indicating that further research may reveal whether "the Burnet County Commissioners Court took official action to delegate its authority to hire a Human Resources Director to the Burnet County Judge"); *see also* Tex. Att'y Gen. Op. No. KP-0178 (2018) at 3 (noting that this office does not resolve fact questions in the opinion process).

**A court would likely conclude that a county judge who is delegated the commissioners court's implied authority to employ persons may not appoint the spouse of a county commissioner to a paid county position.**

If a commissioners court may delegate to the county judge its implied authority to employ persons, your second question asks whether the anti-nepotism provision of Government Code section 573.041 would prohibit the judge from hiring a person who is the spouse of a county commissioner. Request Letter at 1–2. Section 573.041 provides that

> [a] public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> > (1) the individual is related to the public official within a degree described by Section 573.002; or
> >
> > (2) the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002.

TEX. GOV'T CODE § 573.041.

A county commissioner is related to his or her spouse within the first degree by affinity. *Id.* § 573.025(a) (providing "[a] husband and wife are related to each other in the first degree by affinity"); *see also id.* §§ 573.001(3)(A) (defining "[p]ublic official" for purposes of nepotism laws to include county officers), 573.002 (providing that chapter 573 applies to relationships within the second degree by affinity). Section 573.041 prohibits a member of a governing body from appointing, confirming the appointment, or voting to hire a person related to any member of the body within a prohibited degree. *Id.* § 573.041(2); *see* Tex. Att'y Gen. Op. No. KP-0360 (2021) at 2 (explaining that "[i]f the public official is prohibited from hiring a relative by section 573.041, so too is any member of the multi-member body on which the public official sits"). This office has long opined that a commissioners court may not, through an agent, hire a person that it would not be authorized to hire on its own. *See* Tex. Att'y Gen. Op. No. O-4686 (1942) at 1 (concluding that the sheriff, acting as an agent of the commissioners court, could not hire the brother of a commissioner as a janitor or other courthouse employee). Thus, a court would likely conclude that a county judge who is delegated the commissioners court's implied authority to employ persons is

prohibited by section 573.041 from appointing the spouse of a county commissioner to a paid county position.

> **A public official who makes, confirms, or votes for an appointment or confirmation of an ineligible employee or who approves an account or authorizes the drawing of a warrant or order to pay the employee's salary potentially commits a misdemeanor involving official misconduct.**

Your final question asks, "who may be criminally pursued for such [a nepotism violation] under Texas Government Code [section] 573.084[.]" Request Letter at 2. Section 573.084 provides, in relevant part, that "[a]n individual commits an offense involving official misconduct if the individual violates Subchapter C . . . or 573.083." TEX. GOV'T CODE § 573.084(a); *see also id.* § 573.084(b) (providing an offense "is a misdemeanor punishable by a fine not less than $100 or more than $1,000").

Subchapter C contains the prohibition in section 573.041, discussed above. *See id.* §§ 573.041–.044 (comprising subchapter C). By its terms, section 573.041's prohibition applies to a public official who makes an appointment, confirms an appointment, or votes for an appointment or confirmation of appointment of an ineligible individual to a compensated position. *Id.* § 573.041. Section 573.083 prohibits a public official from approving an account or drawing or authorizing "the drawing of a warrant or order to pay the compensation of an ineligible individual if the official knows the individual is ineligible." *Id.* § 573.083. Thus, a public official who makes, confirms, or votes for an appointment or confirmation of an ineligible employee or who approves an account or authorizes the drawing of a warrant or order to pay the employee's salary potentially commits a misdemeanor involving official misconduct. Whether any particular public official violated chapter 573 involves questions of fact, which cannot be resolved in an Attorney General opinion. *See* Tex. Att'y Gen. Op. No. JC-0184 (2000) at 4.

## **S U M M A R Y**

A commissioners court has implied authority to employ persons necessary to carry out county business. A commissioners court may, through official action, delegate to the county judge its implied authority to employ persons.

A court would likely conclude that a county judge who is delegated the commissioners court's implied authority to employ persons is prohibited by the anti-nepotism provision in Government Code section 573.041 from appointing the spouse of a county commissioner to a paid county position.

Pursuant to Government Code section 573.083, a public official who makes, confirms, or votes for an appointment or confirmation of an ineligible individual or who approves an account or authorizes the drawing of a warrant or order to pay the individual's salary potentially commits a misdemeanor involving official misconduct.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee